A. E. WOLTZ and DAISY C. WOLTZ v. ASHEVILLE SAFE DEPOSIT
COMPANY, TRUSTEE, J. C. ALEXANDER, CAROLINA CONSOLIDATED
COMPANY, and EARL WHITTON.

(Filed 21 March, 1934.)

1. **Mortgages H i—Statute authorizing injunction against consummation
of sale on ground of inadequacy of bid held constitutional.**

    Chapter 275, Public Laws of 1933, authorizing courts of equity to en-
    join the consummation of sales under power of sale contained in deeds
    of trust and mortgages solely on the ground that the highest bid at the
    sales does not represent the reasonable value of the property, applies to
    sales made subsequent to its enactment under mortgages or deeds of trust
    executed prior to its enactment, and the statute is constitutional and
    valid, it being remedial only, and does not impair the obligations of con-
    tracts nor deprive the parties of property without due process of law,
    nor confer upon mortgagors or trustors exclusive privileges.

2. **Same—Inadequacy of bond given in proceedings to enjoin consum-
mation of sale is not ground for attacking validity of restraining
order.**

    Where the mortgagee or *cestui que trust* is not satisfied with the bond
    given by the mortgagor or trustor in proceedings to enjoin the consumma-
    tion of a sale under a mortgage or deed of trust for inadequacy of the
    bid at the sale, chapter 275, Public Laws of 1933, his remedy is by motion
    that plaintiffs be required to increase the penal sum of the bond and
    give additional sureties, and he may not attack the validity of the order
    restraining the consummation of the sale upon the ground that the bond
    is inadequate.

APPEAL by defendants, Asheville Safe Deposit Company, trustee, and
J. C. Alexander, from *Harding, J.,* at Chambers, in the city of Charlotte,
N. C., on 20 October, 1933. Affirmed.

This action was begun in the Superior Court of Mecklenburg County
on 15 August, 1933. It is an action to restrain and enjoin the defendants,
Asheville Safe Deposit Company, trustee, and J. C. Alexander, from
consummating a sale of the land described in the complaint, made on
7 August, 1933, under a power of sale contained in a deed of trust
executed on 1 September, 1932, by the defendant Carolina Consolidated
Company to the defendant Asheville Safe Deposit Company, trustee, on
the ground that the bid made at said sale by the defendant J. C. Alex-
ander is inadequate, and that for that reason the consummation of said
sale would be inequitable.

The plaintiffs are the owners in fee simple of said land, having ac-
quired title thereto under a deed executed by the defendant Carolina
Consolidated Company subsequent to the registration of the said deed
of trust. After they had become the owners of said land, subject to the

terms and provisions of the said deed of trust, the plaintiffs conveyed the same by deed of trust to secure their note payable to the defendant Earl Whitton. The said note has not been paid.

On his finding that the bid made for said land at the sale on 7 August, 1933, by the defendant J. C. Alexander, was the only bid made at said sale, and that the amount of said bid, to wit: $40,000, is not a fair price for said land, but is only about half its reasonable value, Judge Harding issued a temporary restraining order, enjoining the defendants Asheville Safe Deposit Company, trustee, and J. C. Alexander from consummating said sale, and ordering the said defendants to appear before him, and show cause, if any they had, why said temporary restraining order should not be continued until the final hearing.

On the hearing of said order to show cause, the temporary restraining order was continued to the final hearing, and the defendants Asheville Safe Deposit Company, trustee, and J. C. Alexander appealed to the Supreme Court.

*J. F. Flowers and J. Louis Carter for plaintiffs.*

*Heazel, Shuford & Hartshorn and Taliaferro & Clarkson for defendants.*

*H. L. Taylor for defendant, Whitton.*

Connor, J. The questions presented by this appeal, as stated in defendants' brief filed in this Court, are as follows:

"1. Is chapter 275, Public Laws of North Carolina, 1933, entitled 'An act to regulate the sale of real property upon the foreclosure of mortgages or deeds of trust,' retroactive, and if so, is the statute unconstitutional in that it violates and is contrary to the provisions of Article I, section 10, of the Constitution of the United States of America, and the Fifth Amendment to the Constitution of the United States of America, and section 1 of the Fourteenth Amendment to the Constitution of the United States of America, and Article I, section 17, of the Constitution of the State of North Carolina, and Article I, section 35, of the Constitution of the State of North Carolina, and Article I, section 7, of the Constitution of the State of North Carolina?"

"2. Did the court err in refusing the motion of the defendants Asheville Safe Deposit Company, trustee, and J. C. Alexander to vacate and dissolve the temporary restraining order and to dismiss the action, for that plaintiffs have failed to make and file any injunction bond or undertaking?"

Only sections 1 and 2 of chapter 275, Public Laws of North Carolina, 1933, are involved in this appeal. These sections are as follows:

"Section 1. Any owner of real estate, or other person, firm or corporation having a legal or equitable interest therein, may apply to a judge of the Superior Court, prior to the confirmation of any sale of such real estate by a mortgagee, trustee, commissioner or other person authorized to sell the same, to enjoin such sale or the confirmation thereof, upon the ground that the amount bid or price offered therefor is inadequate and inequitable and will result in irreparable damage to the owner or other interested person, or upon any other legal or equitable ground which the court may deem sufficient: *Provided,* that the court or judge enjoining such sale or the confirmation thereof, whether by a temporary restraining order or injunction to the hearing, shall, as a condition precedent, require of the plaintiff or applicant such bond or deposit as may be necessary to indemnify and save harmless the mortgagee, trustee, *cestui que trust,* or other person enjoined and affected thereby against costs, depreciation, interest and other damages, if any, which may result from the granting of such order or injunction; *Provided further,* that in other respects the procedure shall be as is now prescribed by law in cases of injunction and receivership, with the right of appeal to the Supreme Court from any such order or injunction."

"Section 2. The court or judge granting such order or injunction, or before whom the same is returnable, shall have the right before, but not after, any sale is confirmed to order a resale by the mortgagee, trustee, commissioner, or other person authorized to make the same in such manner and upon such terms as may be just and equitable: *Provided,* the rights of all parties in interest, or who may be affected thereby, shall be preserved and protected by bond or indemnity in such form and amount as the court may require, and the court or judge may also appoint a receiver of the property or the rents and proceeds thereof, pending any sale or resale, and may make such order for the payment of taxes or other prior lien as may be necessary, subject to the right of appeal to the Supreme Court in all cases."

It is the well settled policy of the law that no property, real or personal, which has been conveyed by a mortgage or deed of trust to secure the payment of a debt, shall be sold and conveyed by the mortgagee or trustee, or by a commissioner appointed by a court for that purpose, upon the foreclosure of the mortgage or deed of trust, until a bid for the reasonable value of the property has been received from a prospective purchaser. When a sale has been made under a judgment or decree of a court of competent jurisdiction, the sale must ordinarily be reported to and confirmed by the court, before it can be consummated by a conveyance of the property. In that case, the sale will not be confirmed, and a conveyance of the property ordered, unless it is made to appear to the court that the sale was fairly conducted, and the amount bid for the

property its reasonable value. When the sale has been made by the mortgagee or the trustee, under the power of sale contained in the mortgage or deed of trust, without the supervision of a court, and it is made to appear to a court of competent jurisdiction, in an action instituted by the mortgagor or grantor, that the sale was not fairly conducted, with the result that the amount bid by the prospective purchaser is not the reasonable value of the property, the sale will be set aside, and a resale ordered. In *Bolich v. Ins. Co.,* 202 N. C., 789, 164 S. E., 335, it is said: "The power of a court of equity to restrain sales of real estate made in pursuance of the terms of a mortgage or deed of trust is undoubted, and the decisions of the court disclose that the restraining power of equity in proper cases has been frequently exercised." In that case, it was held that a proposed sale under the power of sale contained in a deed of trust will not be restrained solely because of apprehension on the part of the grantor in the deed of trust that a bid for the reasonable value of the property conveyed by the deed of trust, will not be received, because of unfavorable business conditions existing at the time of the proposed sale. It was not held, however, that when a sale has been made and the bid received is not the reasonable value of the property, a court of equity has no power to enjoin the consummation of the sale, solely on that ground. Whether or not, prior to the enactment of chapter 275, Public Laws of North Carolina, 1933, a judge of the Superior Court had the power to restrain the consummation of a sale of property made under the power of sale contained in a mortgage or deed of trust, on the sole ground that the bid at the sale was not for the reasonable value of the property, need not be discussed or decided, now. The power is expressly conferred by the statute and was properly exercised in the instant case, if the statute is valid, and is applicable, notwithstanding it was enacted subsequent to the execution of the deed of trust under which the sale was made.

The statute does not violate any provision of the Constitution of the United States or of the State of North Carolina, by which limitations are imposed upon the legislative power of the General Assembly of this State. It does not impair the obligation of the contract entered into by and between the parties to a mortgage or deed of trust; it does not deprive either party of property without due process of law; nor does it confer upon mortgagors or grantors in deeds of trust any exclusive privilege. The statute is remedial only, and is valid for that purpose. It is applicable to a sale made since its enactment, although the sale was made under the power of sale contained in a mortgage or deed of trust executed prior to its enactment.

The contention that the action should have been dismissed because the plaintiffs failed to file a bond as required by the statute, cannot be

sustained. The record shows that plaintiffs did file a bond. If the bond was not or is not satisfactory to the appellants, they may move in the Superior Court that the plaintiffs be required to increase the penal sum of the bond and to give other or additional sureties. There is no error in the judgment.

Affirmed.