A. B. HOPKINS v. SARAH F. SWAIN, ADMINISTRATRIX OF THE ESTATE OF H. F. SWAIN, DECEASED.

(Filed 2 May, 1934.)

**1. Mortgages H i—**

Chapter 275, Public Laws of 1933, providing that the court might enjoin the consummation of a sale under a mortgage or deed of trust upon certain conditions upon grounds of inadequacy of the bid at the sale is constitutional and valid.

2. **Same—Held: court had authority to hear motion to enjoin consummation of sale out of term and county after action for specific performance.**

Under sec. 1, chap. 275, Public Laws of 1933, providing that the procedure for enjoining the consummation of a sale under a mortgage or deed of trust should be the same as in cases of injunction and receivership, *it is held,* that where the last and highest bidder at the sale institutes action for specific performance, and the personal representative of the deceased mortgagee gives notice in apt time that she would make application to the resident judge of the district out of term and out of the county for an order restraining the consummation of the sale made by her under the mortgage on the grounds of inadequacy of the bid, and for an order for a resale, the court has authority to hear the motion, and his judgment setting aside the sale and ordering a resale upon his finding that the bid offered at the sale was inadequate, etc., is affirmed on appeal. In this case the notice of sale stipulated that the mortgagee reserved the right to reject all bids, and the court also found as a fact that the bid in question had been rejected.

3. **Appeal and Error J c—**

The findings of fact by the lower court are presumed correct, with the burden on appellant to assign and show error.

APPEAL by plaintiff from *Small, J.,* at Chambers, 10 February, 1934. From TYRRELL. Affirmed.

The court below made the following order: "This cause coming on to be heard this 10 February, 1934, at Elizabeth City, and being heard by the court upon the affidavits and proofs offered, and the court finding as facts that the lands were offered for sale on 19 December, 1933, at the courthouse door in Tyrrell County, when and where A. B. Hopkins appeared and bid for the same at the sum of $2,650; that the said notices of sale contained a provision that any and all bids could be rejected, and it further appearing that the defendant rejected the bid of the plaintiff and that the clerk of Superior Court of Tyrrell County did not confirm the sale but ordered a resale, and it further appearing that the bid offered was an inadequate one and the court so finds as a fact; and it further appearing that the indebtedness against the said lands was in excess of $4,900, and that irreparable damage would accrue to the defendant both in her representative capacity and individually, it is, therefore, ordered and adjudged by the court that the said sale be and the same is hereby set aside, and that a second sale be held after due and proper advertisement for fifteen days. The defendant is hereby required to enter into a bond to be approved by the clerk of Superior Court of Tyrrell County in the amount of five hundred dollars, conditioned to pay such damages as the plaintiff may sustain if he shall prevail at the final termination of this action.

W. L. SMALL, *Judge First Judicial District."*

HOPKINS *v.* SWAIN.

The plaintiff before beginning the hearing objected to the hearing of this matter out of term and out of Tyrrell County Superior Court, and excepted and assigned error. Other exceptions and assignments of error were made by plaintiff and an appeal taken to the Supreme Court.

*W. L. Whitley* for plaintiff.
*J. C. Meekins and M. B. Simpson* for defendant.

CLARKSON, J. We do not think that any of the exceptions and assignments of error made by plaintiff can be sustained. In the record, we find: The report of sale, the motion before the clerk to order a resale, the order of resale, the complaint by plaintiff for specific performance, notice of *lis pendens* by plaintiff, answer of defendant. The following notice was served on plaintiff: "The plaintiff is hereby notified that the defendant will, on 10 February, 1934, at 4:00 o'clock p.m., move before his Honor, Walter L. Small, at Elizabeth City, N. C., to vacate the sale heretofore held on 19 December, 1933, under the deed of trust referred to in the complaint in this cause, and for a resale of the lands therein conveyed."

Numerous affidavits at the hearing on the part of plaintiff and defendant are in the record. The plaintiff's are to the effect that the bid on the farm in controversy was a "fair price"—$2,650. The defendant's are to the effect that the cash value of the farm today is "comparatively from $4,000 to $5,000." In the notice of the sale made by defendant that plaintiff contends he became the purchaser, is the following: "The right is reserved to reject any and all bids." Defendant contends that the bid was rejected by her.

In chapter 275, Public Laws, 1933, entitled "An act to regulate the sale of real property upon the foreclosure of mortgages or deeds of trust," is the following: *"The General Assembly of North Carolina do enact:* Section 1. Any owner of real estate, or other person, firm or corporation having a legal or equitable interest therein, may apply to a judge of the Superior Court, prior to the confirmation of any sale of such real estate by a mortgagee, trustee, commissioner or other person authorized to sell the same, to enjoin such sale or the confirmation thereof, upon the ground that the amount bid or price offered therefor is inadequate and inequitable and will result in irreparable damage to the owner or other interested person, or upon any other legal or equitable ground which the court may deem sufficient; *Provided,* that the court or judge enjoining such sale or the confirmation thereof, whether by a temporary restraining order or injunction to the hearing, shall, as a condition precedent, require of the plaintiff or applicant such bond or deposit as may be necessary to indemnify and save harmless the mort-

gagee, trustee, *cestui que trust,* or other person enjoined and affected thereby against costs, depreciation, interest and other damages, if any, which may result from the granting of such order or injunction: *Provided further,* that in other respects, the procedure shall be as is now prescribed by law in cases of injunction and receivership, with the right of appeal to the Supreme Court from any such order or injunction.

Section 2. The court or judge granting such order or injunction, or before whom the same is returnable, shall have the right before, but not after, any sale is confirmed to order a resale by the mortgagee, trustee, commissioner, or other person authorized to make the same in such manner and upon such terms as may be just and equitable: *Provided,* the rights of all parties in interest, or who may be affected thereby, shall be preserved and protected by bond or indemnity in such form and amount as the court may require, and the court or judge may also appoint a receiver of the property or the rents and proceeds thereof, pending any sale or resale, and may make such order for the payment of taxes or other prior lien as may be necessary, subject to the right of appeal to the Supreme Court in all cases."

Section 3, in substance: Right of mortgagee to prove in deficiency suits reasonable value of property by way of defense. Inapplicable to purchase by third persons. Court foreclosures unaffected.

Section 4, in substance: Conflicting laws repealed and act not applicable "to tax foreclosure suits or tax sales." We think the act constitutional. *Home Building and Loan Association v. Blaisdell,* United States Supreme Court Law Edition, Advance Opinion, Vol. 78, No. 5, p. 255. *Woltz v. Safe Deposit Co., ante,* 239. We think under the language of the act, the objection of plaintiff to the jurisdiction that Judge Small had no power or authority to hear the matter out of term and out of the county, cannot be sustained. The act says "The procedure shall be as is now prescribed by law in cases of injunction and receivership." N. C. Code, 1931 (Michie), sec. 843, 851, 852, and 859. *Parker v. McPhail,* 112 N. C., 502. In *Worth v. Bank,* 121 N. C., 343 (347), is the following: "Ordinarily the motion for a receiver must be made before the resident judge of the district, or one assigned to the district or holding the courts thereof by exchange, at the option of the mover. Code, secs. 379, 336 (C. S., 859); *Corbin v. Berry,* 83 N. C., 27. Or, at most, in analogy to the granting of restraining orders, if the motion for a temporary receiver is granted by any other judge than one of those just named, the order must be made returnable before one of such judges. *Galbreath v. Everett,* 84 N. C., 546; *Hamilton v. Icard,* 112 N. C., 589." The action of the plaintiff grew out of the alleged sale. That the price bid was inadequate, inequitable and would result in

irreparable damage. The clerk had certain duties in reference thereto. We think, under the facts and circumstances of the case and under a liberal construction of the before mentioned act, that the court below had full power and authority to hear and pass on the matters in controversy. The findings of fact by the court below are presumed to be correct and the burden is on the appellant to assign and show error. *Seip v. Wright,* 173 N. C., 14. For the reasons given, the judgment of the court below must be

Affirmed.