L. M. MILLER, EXECUTOR OF THE ESTATE OF J. H. MILLER, DECEASED, V.
MRS. EUGENIA SHORE AND HUSBAND, WALTER A. SHORE; WIL-
LIAM F. MILLER AND WIFE, LUCY MILLER; MRS. BERTIE MILLER,
L. M. MILLER AND WIFE, MAUDE E. MILLER; MRS. EMMA E. MIL-
LER, HEIRS OF J. H. MILLER, AND JOHN J. INGLE, TRUSTEE, AND DR.
E. F. STRICKLAND.

(Filed 20 June, 1934.)

**Mortgages H b—Executor may not restrain foreclosure of mortgage on testator's land pending sale of land to make assets.**

An executor may not restrain the foreclosure of a deed of trust executed
by his testator prior to his death upon the executor's petition for sale of
the lands to make assets, when by the terms of the deed of trust the
trustee is authorized to advertise and sell the lands, the right of the
trustee to sell the lands being contractual, and the sale by the trustee
being subject to the provisions of chapter 275, Public Laws of 1933.

APPEAL from *Hill, J.,* at 16 April Term, 1934, of FORSYTH. Reversed.

Part of the judgment of the court below is as follows: "It is further
considered, ordered, and adjudged by this court that the said John J.
Ingle, trustee, and the said Dr. E. F. Strickland, their servants, agents
and employees, be and they are hereby enjoined and restrained from
selling, or offering for sale, the real estate described in the petition under
the deeds of trust executed by J. H. Miller and wife, Emma E. Miller,
to John J. Ingle, trustee for Dr. E. F. Strickland, and recorded in the
office of the register of deeds of Forsyth County, North Carolina, in
Book No. 256, of deeds of trust, at page 2, and Book No. 296, of deeds
of trust, at page 164."

The only material exception and assignment of error made by defend-
ants, John J. Ingle, trustee, and E. F. Strickland, is the signing of the
judgment by the court below. The material facts will be set forth in
the opinion.

*W. T. Wilson for plaintiff, L. M. Miller, executor.*

*Ingle & Rucker for defendants, John J. Ingle, trustee, and E. F.
Strickland.*

CLARKSON, J. The material facts are as follows: On 25 January,
1929, the plaintiff's testator and his wife borrowed $5,000 from the
defendant Strickland and executed a deed of trust conveying 123 acres
of farm land to the defendant Ingle to secure the payment of the loan
one year after date. The deed of trust was duly recorded. The testator
died on 17 May, 1933, leaving a will devising the farm lands to his
children, among whom is L. M. Miller, the plaintiff and executor of the
will. Payments aggregating $450 are all the defendant Strickland has
received since the date of the loan. The last payment made by the

testator was a payment of $200, made on 20 April, 1931. The plaintiff, his son and now executor of his will, made four payments of $25.00 each during the period from the first payment on 7 November, 1932, to the last payment on 27 March, 1933. The debt, with accrued interest, as of 15 September, 1933, was $5,871.67. Trustee Ingle, on 3 December, 1933, began to advertise the lands for sale at foreclosure on 2 January, 1934. On 29 December, 1933, the executor filed a petition with the clerk of the Superior Court for authority to sell the lands for assets to pay debts, and prayed for an order restraining the defendants Ingle and Strickland from selling the lands at foreclosure. Such an order was issued on that day by the clerk and made permanent by the clerk on 19 February, 1934. On appeal to the judge of the Superior Court, the court signed and entered the judgment as appears of record.

We think it immaterial to consider what discretionary powers the court below had on appeal to the Superior Court. The obligation secured by deed of trust was a contract between the parties.

In *Leak v. Armfield,* 187 N. C., 625 (628), speaking to the subject, this Court said: "It nowhere appears in the record that Chase Boren consented to the procedure in which she was made a party or waived any right. This being so, from the facts found by the court below as a matter of law, we think that the restraining order ought not to have been granted. If subsequent judgment creditors or litigants over the equity of redemption could 'tie up' a first mortgage and effect its terms, it would seriously impair a legal contract. It may be 'hard measure' to sell, but this is universally so. The mortgagee has a right to have her contract enforced under the plain terms of the mortgage. To hold otherwise would practically nullify the present system of mortgages and deeds in trust on land, so generally used to secure indebtedness and seriously hamper business. Those interested in the equity of redemption have the right of paying off the first lien when due. We can see no equitable ingredient in the facts of this case. The mortgage is not a 'scrap of paper.' It is a legal contract that the parties are bound by. The courts under their equitable jurisdiction, where the amount is due and ascertained—no fraud or mistake, etc., alleged—have no power to impair the solemn instrument directly or indirectly by nullifying the plain provisions by restraining the sale to be made under the terms of the mortgage."

The trustee, when he sells, has to do so in accordance with C. S., 2591. The statute, Public Laws, 1933, chapter 275, is applicable and held constitutional in *Woltz v. Safe Deposit Co., ante,* 239; *Alexander v. Boyd,* 204 N. C., 103; *Whitaker v. Chase, ante,* 335; *Hopkins v. Swain, ante,* 439. For the reasons given, the judgment of the court below is

Reversed.