FLORA M. BARRINGER AND THE QUEEN CITY HOTEL COMPANY v.
THE WILMINGTON SAVINGS AND TRUST COMPANY, TRUSTEE.

(Filed 1 January, 1935.)

1. **Mortgages H o—Temporary order restraining consummation of sale is
properly dissolved upon finding that bid is fair market value of lands.**

Where, in proceedings to enjoin the consummation of a sale under the
power contained in a deed of trust on the ground that the amount bid at
the sale was inadequate, ch. 275, Public Laws of 1933, the parties ex-
pressly waive a jury trial, and the trial court finds from admissions in
the pleadings and from conflicting affidavits filed by the parties that the
amount bid at the sale represented the fair market value of the lands, and
that there was no assurance that a larger sum would be offered if the lands
were resold, the findings support his judgment dissolving the temporary
order restraining the consummation of the sale.

2. **Appeal and Error J c—**

Where a jury trial is waived, the findings by the court upon conflicting
evidence are conclusive and are not subject to review upon appeal.
Art. IV, sec. 13.

APPEAL by plaintiffs from *Harris, J.*, at March Term, 1934, of NEW
HANOVER. Affirmed.

This is an action to enjoin the consummation of a sale of real estate
made by the defendant trustee under a power of sale contained in a deed
of trust which was executed by the Hotel Cape Fear, Inc., to the de-
fendant, and which secures the payment of the bonds described therein.

The plaintiff Flora M. Barringer is the holder and owner of certain
of the bonds which are secured by the deed of trust.

The plaintiff The Queen City Hotel Company is the owner of the real
estate described in the deed of trust, claiming title to the same under a
deed executed by the Hotel Cape Fear, Inc., and recorded subsequent
to the registration of the deed of trust.

After due advertisement and after full compliance with all the terms
and provisions of the deed of trust, the defendant sold the real estate
described therein, which is known as the Cape Fear Hotel, at Wilming-
ton, N. C., on 23 October, 1933. The last and highest bid at the sale
was the sum of $175,000. This bid has not been raised under the pro-
visions of the statute, C. S., 2591. Unless restrained and enjoined from
so doing, the defendant trustee will consummate the sale by executing
and delivering to the purchaser a deed for the said real estate, upon his
compliance with his said bid.

The only ground on which the plaintiffs pray that the defendant be
enjoined from consummating the sale is that the amount bid for said
real estate is not the fair value of the same, and that for that reason it

would be inequitable for the defendant to consummate the sale by executing and delivering to the purchaser a deed for the said real estate upon his paying the amount of his bid.

This action was begun in the Superior Court of New Hanover County on 31 October, 1933.

At the hearing of the action at March Term, 1934, it was agreed by the parties that the judge should find the facts from the evidence at said hearing and render judgment accordingly.

Among other things, the judge found that the sum of $175,000 is the fair, just, and reasonable market value of the real estate described in the deed of trust, and that no assurance had been given to the court by the plaintiffs that a larger sum would be offered for the said real estate if a resale should be ordered by the court.

From judgment dissolving a temporary restraining order heretofore issued in the action, and denying the relief prayed for by them, the plaintiffs appealed to the Supreme Court, assigning as error (1) the failure of the court to find as a fact that the fair market value of the real estate described in the deed of trust is $300,000, and (2) the finding by the court that the fair market value of the said real estate is $175,000.

*Herbert McClammy and Rose & Lyon for plaintiffs.*
*Marsden Bellamy and Stevens & Burgwyn for defendant.*

CONNOR, J. The only question presented by this appeal is whether there was evidence at the trial in the Superior Court sufficient in its probative force to support the findings of fact made by the judge. This question must be answered in the affirmative.

The judge found the facts from the admissions in the pleadings and from affidavits filed by the parties, who had expressly waived a trial by a jury of the issue raised by the pleadings, as to the fair, just, and reasonable value of the real estate described in the deed of trust at the date of the sale. The affidavits were conflicting, those filed by the defendant tending to show that the fair, just, and reasonable value of the real estate was at said date $175,000, the amount of the bid; those filed by the plaintiffs tending to show that such value was largely in excess of said amount. The findings of fact are conclusive and are not subject to review by this Court. Const. of N. C., Art. IV., sec. 13.

The judgment is supported by the facts found by the judge, and is therefore affirmed.

The action was brought under the provisions of chapter 275, Public Laws of N. C., 1933. This is a valid statute. *Woltz v. Deposit Co.,* 206 N. C., 239, 173 S. E., 587. In that case a judgment enjoining the consummation of a sale of land, made under a power of sale contained in

a deed of trust, was affirmed. The judgment was supported by a finding by the judge that the amount bid at the sale was not a fair price for the land. Where, as in the instant case, the amount of the bid was a fair price, and the sale was fairly conducted, there is no error in a judgment refusing to enjoin a consummation of the sale by the trustee, mortgagee, or other person authorized to make the sale.

Affirmed.