RICHMOND MORTGAGE & LOAN CORP. *v.* WACHOVIA BANK & TRUST CO. ET AL., EXECUTORS.

No. 235. Argued January 4, 1937.—Decided February 1, 1937.

*Mr. Kester Walton,* with whom *Mr. John Y. Jordan, Jr.,* was on the brief, for appellant.

126

*Mr. S. G. Bernard,* with whom *Mr. Robert R. Williams* was on the brief, for appellees.

. MR. JUSTICE ROBERTS delivered the opinion of the Court.

This is an appeal from a judgment of the Supreme Court of North Carolina [1] sustaining the validity of a statute claimed to impair the obligation of a contract, contrary to Article I, § 10, of the Federal Constitution. The act provides that when the mortgagee, payee, or other holder of an obligation secured by real estate or personal property causes a sale of the property by a

---

[1] 210 N. C. 29, 185 S. E. 482.

trustee, becomes the purchaser for a sum less than the amount of the debt and afterwards brings an action for the deficiency, the defendant may show, by way of defense and set-off, that the property sold was fairly worth the amount of the debt or that the sum bid was substantially less than the true value of the property, and thus defeat the claim in whole or in part. The provision is copied in full in the margin.[2]

In 1928 the appellees borrowed $8,000 from the appellant for which they executed negotiable promissory notes. As security they delivered a deed of trust pledging real estate. Upon default the appellant demanded that the trustee declare the indebtedness due, in accordance with the terms of the notes and deed of trust, and exercise the power of sale given by the deed. The trus-

---

[2] Section 3 of Chapter 275, of the Laws of 1933:

"When any sale of real estate or personal property has been made by a mortgagee, trustee, or other person authorized to make the same, at which the mortgagee, payee or other holder of the obligation thereby secured becomes the purchaser and takes title either directly or indirectly, and thereafter such mortgagee, payee or other holder of the secured obligation, as aforesaid, shall sue for and undertake to recover a deficiency judgment against the mortgagor, trustor or other maker of any such obligation whose property has been so purchased, it shall be competent and lawful for the defendant against whom such deficiency judgment is sought to allege and show as matter of defense and off-set, but not by way of counter-claim, that the property sold was fairly worth the amount of the debt secured by it at the time and place of sale or that the amount bid was substantially less than its true value, and, upon such showing, to defeat or off-set any deficiency judgment against him, either in whole or in part; *Provided,* this section shall not affect nor apply to the rights of other purchasers or of innocent third parties, nor shall it be held to affect or defeat the negotiability of any note, bond or other obligation secured by such mortgage, deed of trust or other instrument; *Provided, further,* this section shall not apply to foreclosure sales made pursuant to an order or decree of court nor to any judgment sought or rendered in any foreclosure suit nor to any sale heretofore made and confirmed."

128

tee advertised the property, as required by the deed and the laws of the state, and made sale June 19, 1933; and one acting in appellant's interest purchased the land for $3,000. Upon expiration of a ten day period of redemption the property was conveyed to the purchaser. The appellant credited on the notes the sum realized by the sale, which left $4,534.79, with interest, due and unpaid, and on June 18, 1934, brought action to recover this balance. The appellees pleaded the statute and alleged that the property, at the time and place of sale, was fairly worth the amount of the debt. In reply the appellant asserted that, as the notes and deed of trust had been executed prior to the passage of the law, the statute violated the contract clause of the Federal Constitution. At the trial exception was taken to the court's refusal to enter judgment for the appellant on the pleadings. The court, over the appellant's objection and exception, submitted to the jury the question of the fair value of the property at the time and place of sale, and the jury found its value to be $8,000. An intermediate appellate court, and the Supreme Court of the State, affirmed judgment for the appellees.

Although admitting that the challenged legislation affects only a remedy for enforcement of the contract, the appellant urges that the alteration is so substantial as to impair the obligation of the contract. The applicable principle is not in dispute. The legislature may modify, limit or alter the remedy for enforcement of a contract without impairing its obligation, but in so doing, it may not deny all remedy or so circumscribe the existing remedy with conditions and restrictions as seriously to impair the value of the right.[3] The particular remedy existing at the date of the contract may be altogether abrogated if another equally effective for the

---

[3] *Worthen Co.* v. *Kavanaugh,* 295 U. S. 56; and cases cited.

enforcement of the obligation remains or is substituted for the one taken away.[4] The matter in dispute is whether the questioned enactment falls beyond the boundary of permissible regulation of the remedy for enforcement of the appellant's contract.

The loan rendered the appellees debtors to the appellant. For that debt the borrower pledged real estate as security. The contract contemplated that the lender should make itself whole, if necessary, out of the security, but not that it should be enriched at the expense of the borrower or realize more than would repay the loan with interest. The state provided remedies whereby the security could be made available for solution of the debt.

When the loan was made two such remedies were available. The mortgagee could proceed by bill in equity to foreclose the security. If it did the chancellor who controlled the proceeding could set aside a sale if the price bid was inadequate. In addition, he might award a money decree for the amount by which the avails of the sale fell below the amount of the indebtedness, but his decree in that behalf would be governed by well understood principles of equity. An alternative remedy sanctioned by state law was available if the deed of trust so provided. This was the sale of the pledged property by the trustee. If this were the remedy authorized by the contract, and the mortgagee himself became the purchaser at the trustee's sale, he might thereafter, in an action at law, recover the difference between the price he had bid and the amount of the indebtedness. The statute under attack effected certain alterations of this remedy. Sections 1 and 2, not here in issue, provide that if the mortgaged property be sold under power of sale, and

[4] *Home Bldg. & Loan Assn.* v. *Blaisdell*, 290 U. S. 398, 434, and cases cited, note 13.

the sum bid be inadequate so that consummation of the sale would be inequitable, the mortgagor may apply to the superior court for an order enjoining such consummation, and the judge may direct a resale by a trustee or by a commissioner appointed for the purpose, upon terms he may deem just and equitable. These sections modifying the procedure under a power of sale so as to assimilate it to the procedure in strict foreclosure, have been sustained as constitutional by the State Supreme Court.[5] The section with which we are concerned adds that if the mortgagee becomes the purchaser at the trustee's sale, and afterwards brings an action at law for a deficiency, the jury shall determine the actual amount needed by him to make him whole for his debt by finding the true or fair value of the property at the date of sale, the judgment being for the difference between that value and the amount of the debt remaining unpaid, or, if the value found equals the amount of the debt, for the defendant. The statute has no application if the purchaser at the trustee's sale be other than the mortgagee. The act alters and modifies one of the existing remedies for realization of the value of the security, but cannot fairly be said to do more than restrict the mortgagee to that for which he contracted, namely, payment in full. It recognizes the obligation of his contract and his right to its full enforcement but limits that right so as to prevent his obtaining more than his due. By the old and well known remedy of foreclosure a mortgagee was so limited because of the chancellor's control of the proceeding. That proceeding, as has been said, has always been available to the mortgagee in North Carolina. Granting that by the alternative remedy of trustee's sale the mortgagee

---

[5] *Woltz* v. *Asheville Safe Deposit Co.,* 206 N. C. 239, 173 S. E. 587; *Hopkins* v. *Swain,* 206 N. C. 439, 174 S. E. 409; *Miller* v. *Shore,* 206 N. C. 732, 175 S. E. 133; *Barringer* v. *Wilmington Savings Trust Co.,* 207 N. C. 505, 177 S. E. 795.

might perchance obtain something more, or might obtain only that which was his due somewhat more expeditiously, than he could in chancery, it remains that the procedure to foreclose in equity is, and has been, the classical method of realization upon mortgage security and has always been understood to be fair to both parties to the contract and to afford an adequate remedy to the mortgagee. If, therefore, the legislature of the State had elected altogether to abolish the remedy by trustee's sale we could not say that it had not left the mortgagee an adequate remedy for the enforcement of his contract. But the legislature has by no means gone so far. The law has merely restricted the exercise of the contractual remedy to provide a procedure which, to some extent, renders the remedy by a trustee's sale consistent with that in equity. This does not impair the obligation of the contract.

The judgment is

*Affirmed.*