14475

FEDERAL LAND BANK OF COLUMBIA v. GARRISON *ET AL.*

(193 S. E., 308)

256

264

268

*Messrs. Wolfe & Fort,* for appellant, cite:

*Messrs. Hall, Vassey & Hall,* for respondents, cite:

May 4, 1937.

The opinion of the Court was delivered by MR. CHIEF JUSTICE STABLER.

The well-considered decree of Judge Oxner, which we approve and adopt, and which will be reported, states fully and in detail the facts out of which this controversy arose, making a restatement of them here unnecessary. Also, the ques-

tions presented by the appeal, and argued at the bar of this Court, were considered and correctly decided by the Circuit Judge, whose conclusions as to the main issue are fully sustained by the authorities which he cites; and we can add but little, if anything, without repetition, to what he has said.

As to the fine distinction sometimes attempted to be drawn between the obligation of contracts and the remedies for their enforcement, referred to in argument of counsel here, see *Martin v. Saye*, 147 S. C., 433, 145 S. E., 186, 191; *Edwards v. Kearzey*, 96 U. S., 595, 24 L. Ed., 793; *Langever v. Miller*, 124 Tex., 80, 76 S. W. (2d), 1025, 96 A. L. R., 836. The following from the *Kearzey case* is quoted with approval by this Court in *Martin v. Saye:* "The obligation of a contract includes everything within its obligatory scope. Among these elements nothing is more important than the means of enforcement. This is the breath of its vital existence. Without it, the contract, as such, in the view of the law, ceases to be, and falls into the class of those 'imperfect obligations,' as they are termed, which depend for their fulfillment upon the will and conscience [of those] upon whom they rest. The ideas of right and remedy are inseparable."

Since the hearing of this appeal, our attention has been called to the case of *Richmond Mortgage & Loan Corporation v. Wachovia Bank & Trust Company*, 300 U. S., 124, 57 S. Ct., 338, 339, 81 L. Ed., 552, 108 A. L. R., 886. We have examined that decision but do not think that it lends any support to the contentions of the appellants here. It was there held that the Legislature might modify or alter a remedy for enforcement of a contract without impairing its obligation, but in so doing it may not "so circumscribe the existing remedy with conditions and restrictions as seriously to impair the value of the right"; and that the "remedy existing at the date of the contract may be altogether abrogated if another equally effective for the enforcement of the obligation remains or is substituted for the one taken away."

The order appealed from is affirmed.

Messrs. Justices Bonham, Baker and Fishburne concur.

Mr. Justice Carter did not participate.