GUARDIAN DEPOSITORS CORP. *v.* DARMSTAETTER.

CONSTITUTIONAL LAW—MORTGAGES—FORECLOSURE—ADVERTISEMENT—DEFICIENCY—JURY TRIAL.

> Statute providing that in action at law to recover deficiency judgment after foreclosure of mortgage by advertisement that mortgagor or other person liable on the debt might interpose defense that property was worth amount of debt secured thereby and that the issue of value was to be tried by the court without a jury *held,* unconstitutional insofar as the legislature deprived the parties of the right to trial by jury on such issue (Act No. 143, Pub. Acts 1937).

BUSHNELL, CHANDLER, and MCALLISTER, JJ., dissenting.

Appeal from Wayne; Gordon (Arthur E.), J., presiding. Submitted June 14, 1939. (Docket No. 84, Calendar No. 40,595.) Decided October 20, 1939. Order denying rehearing granted optional right to new trial by jury on demand of either party entered December 20, 1939.

Assumpsit by Guardian Depositors Corporation, a Michigan corporation, against Armin A. Darmstaetter for sums due as a deficiency on a mortgage foreclosure. Set-off by defendant based on Act No. 143, Pub. Acts 1937. Judgment for defendant. Plaintiff appeals. Reversed.

*Bodman, Longley, Bogle, Middleton & Farley,* for plaintiff.

*Harold H. Emmons* and *Harold H. Emmons, Jr.,* for defendant.

*Robert S. Marx, Lawrence I. Levi,* and *Ethan C. Prewitt,* as attorneys for B. C. Schram, receiver First National Bank-Detroit, *amicus curiae.*

(445)

Bushnell, J. (*dissenting*). Defendant and his wife executed a mortgage on their home located on Arden Park in the third block east of Woodward avenue, between Brush street and Oakland avenue, in the city of Detroit. Plaintiff, as assignee of the mortgagee, foreclosed and purchased the property at a sheriff's sale on November 12, 1937, for the sum of $17,000, there being due on the mortgage the sum of $23,603.96 according to plaintiff's bill of particulars. The bid made at the foreclosure sale was subject to outstanding delinquent State, county and city taxes in the sum of $2,197.79, and left a deficiency balance on the mortgage debt amounting to $6,-503.96, according to the testimony of plaintiff's witness Trahern. Plaintiff commenced action on January 20, 1938, for the deficiency, which was met by a general denial of liability and a plea asserting the rights extended to mortgagors in such cause by Act No. 143, Pub. Acts 1937 (Stat. Ann. 1939 Cum. Supp. § 27.1335). Plaintiff's motion to strike defendant's claim of set-off, based upon the unconstitutionality of the act, was denied and plaintiff was granted leave to reply to the set-off, the court holding that the act was constitutional.

The many questions raised by plaintiff as to "fair value" are substantially the same as those raised by this same plaintiff in *Guardian Depositors Corp.* v. *Hebb, ante,* 427, which, although not *res judicata,* is controlling of this phase of the instant case. The trial judge found that—"the property purchased by the plaintiff corporation at the foreclosure sale held on November 12, 1937, was then and there fairly worth at least the total indebtedness owed by defendant."

This finding of the trial court is supported by competent testimony and, as said in the *Hebb Case,*

"This fact, which is found as a fact, was conclusive against the right of plaintiff to recover."

Following our decision in September of 1936 of the case of *New York Life Ins. Co.* v. *Erb,* 276 Mich. 610, where we affirmed a summary judgment for a deficiency on the foreclosure of a mortgage by advertisement, the legislature enacted the act now under consideration, the same being approved July 2, 1937, and given immediate effect. The language of this act is quoted in full in *Guardian Depositors Corp.* v. *Hebb, supra.* We said that, "so far as the provisions of this statute are involved, we cannot say it violates the Constitution," citing *Honeyman* v. *Jacobs,* 306 U. S. 539 (59 Sup. Ct. 702). See, also, *Guardian Depositors Corp.* v. *Brown, ante,* 433.

Appellant in the present case insists that the act in question, by its mandatory terms, deprives the parties litigant of their constitutional right to a jury trial.

Plaintiff also insists that the retroactive feature of the 1937 act as affecting sales subsequent to February 11, 1933, and preceding the passage of the act, is an unconstitutional impairment of its contractual rights. So far as this argument applies to the instant facts, it is of no avail because the act became effective July 2, 1937, and the first notice of sale was published August 16, 1937. The question of unconstitutional impairment of contractual rights, established under the note and mortgage indenture dated November 7, 1923, is fully answered by reasoning of *Richmond Mortgage & Loan Corp.* v. *Wachovia Bank & Trust Co.,* 300 U. S. 124 (57 Sup. Ct. 338, 108 A. L. R. 886). The doctrine of the *Wachovia Case* was further discussed and followed in *Honeyman v. Jacobs, supra.*

Neither the California act, Code Civil Procedure (Deering), § 725-a, added by St. 1933, p. 1673, dis-

cussed in *Miller* v. *Hart,* 11 Cal. (2d) 739 (81 Pac. [2d] 923), nor the North Carolina statute, chap. 275, § 3, Pub. Laws of 1933 (N. C. Code of 1935, § 2593-d), discussed in *Richmond Mortgage & Loan Corp.* v. *Wachovia Bank & Trust Co., supra,* nor the New York statute, New York Practice Act, §§ 1083-a, 1083-b, discussed in *Honeyman* v. *Jacobs, supra,* contains the language of the Michigan act, *viz.,* "provided, that such issue shall be determined by the court without a jury," although they are similar in their purpose and in their general tenor to the Michigan act.

The statute, 3 Comp. Laws 1929, § 14425 (Stat. Ann. § 27.1221), reads:

"Every mortgage of real estate, containing therein a power of sale, upon default being made in any condition of such mortgage, may be foreclosed by advertisement, in the cases and in the manner hereinafter specified."

Then follow sections pertaining to such foreclosure, ending with section 14444 (Stat. Ann. § 27.1240). And as was said in *Bacon* v. *Northwestern Mutual Life Ins. Co.,* 131 U. S. 258 (9 Sup. Ct. 787), a decision involving these Michigan statutes, they were "made to enlarge, and not to cut down, the rights of mortgagors."

Prior to the enactment of legislation providing for foreclosure by advertisement, the mortgagee had his remedy in equity (3 Comp. Laws 1929, § 14364 *et seq.* [Stat. Ann. § 27.1132 *et seq.*]), or he could have sued at law to recover the mortgage indebtedness. These rights still remain unimpaired by Act No. 143, Pub. Acts 1937. The mortgagee had, and still has, the unquestioned right to trial by jury, if not waived, in an action at law on the debt. But the additional statutory right granted mortgagees to foreclosure by advertisement was and always has been subject to

change by the legislature which granted that right.
"The right to foreclose and sell by advertisement
depends wholly upon the statute." *Doyle* v. *Howard,* 16 Mich. 261.

The statutes just cited are silent as to the manner
of trial of actions for deficiencies arising out of fore-
closures by advertisement.  There is nothing inher-
ent in the nature of an action for a deficiency judg-
ment which requires a trial by jury.  Such judg-
ments are provided by statute in equitable foreclos-
ure decrees without a guarantee of jury trial.  3
Comp. Laws 1929, § 14366, as amended by Act No.
229, Pub. Acts 1933 (Stat. Ann. § 27.1134).

The provision in the Constitution of Michigan that
"the right of trial by jury shall remain" means the
right "as it had become known to the previous juris-
prudence of the State." *Swart* v. *Kimball,* 43 Mich.
443.

The right of legislative bodies to enact changes
which affect the remedies available to mortgagees is
discussed in *Hudson* v. *Virginian Joint Stock Land
Bank of Charleston,* 266 Mich. 644, and *Home Build-
ing & Loan Ass'n* v. *Blaisdell,* 290 U. S. 398 (54 Sup.
Ct. 231, 88 A. L. R. 1481).  It is not unfair to hold a
mortgagee, who resorts to the harsh remedy of stat-
utory foreclosure, to an exercise of good faith and
require him to bid in the mortgaged premises for its
"true value" in order that the mortgagor may have
a fair and equitable deduction made from the
amount of his debt.  Equitable foreclosure is always
available to the mortgagee if he is unwilling to con-
form to the requirements of the 1937 statute.

"The particular remedy existing at the date of the
contract may be altogether abrogated if another
equally effective for the enforcement of the obliga-
tion remains or is substituted for the one taken

away.'' *Richmond Mortgage & Loan Corp.* v. *Wachovia Bank & Trust Co., supra.*

See, also, *Home Building & Loan Ass'n* v. *Blaisdell, supra,* and cases therein cited under note 13 (290 U. S. 434).

The obligation of the contract and the mortgagee's right to full payment of the debt is unimpaired by the statute, but his right to recover more than is his due is limited, the legislative control over a remedial process being exercised within constitutional limitations.

The judgment entered upon the finding of the trial court sitting without a jury should be affirmed, with costs to appellee.

CHANDLER and McALLISTER, JJ., concurred with BUSHNELL, J.

POTTER, J. Act No. 143, Pub. Acts 1937 (Comp. Laws Supp. 1937, § 14444–21 *et seq.,* Stat. Ann. 1939 Cum. Supp. § 27.1335 *et seq.*), relating to deficiency judgments in cases where the foreclosure of real estate mortgages is by advertisement, provides that the issue of whether the property was sold at substantially less than its true value shall be determined by the court without a jury.

It is sought to justify this provision of the statute because it relates to procedure, and methods of procedure are generally subject to legislative control.

Statutory changes in procedure denying the right of trial by jury are unwarranted and in conflict with the Constitution which provides ''the right of trial by jury shall remain.'' Constitution of 1908, art. 2, § 13.

The right of trial by jury being constitutional, no substantial changes in its character can be made by the legislature. *Underwood* v. *People,* 32 Mich. 1 (20 Am. Rep. 633); *Swart* v. *Kimball,* 43 Mich. 443.

Constitutional provisions similar to that of Michigan have uniformly been held to guarantee the continuance of the right as it existed at common law, *or by statute,* in the particular State at the time of the adoption of the Constitution. 35 C. J. p. 148, citing cases from 40 American jurisdictions.

The rule applies to cases of a similar character arising under statutes enacted subsequently to the adoption of the Constitution. 35 C. J. p. 149; *Colon* v. *Lisk,* 153 N. Y. 188 (47 N. E. 302, 60 Am. St. Rep. 609); *White* v. *White,* 108 Texas, 570 (196 S. W. 508, L. R. A. 1918 A, 339); *Plimpton* v. *Town of Somerset,* 33 Vt. 283; *Tabor* v. *Cook,* 15 Mich. 322; *Risser* v. *Hoyt,* 53 Mich. 185.

In *Tabor* v. *Cook, supra,* a bill in equity was filed to quiet title to lands in possession of defendant by plaintiff who had purchased the same at tax sale. It was said:

"It is not in the power of the legislature, under our present Constitution, to provide for the trial of titles to land in equity, in the cases which were triable at law at the time the Constitution was adopted, unless it shall first make provision for having the case tried by jury if the defendant shall so elect. The Constitution [of 1850] (art. 6, § 27) says that 'the right of trial by jury shall remain; but shall be deemed to be waived in all civil cases, unless demanded by one of the parties, in such manner as shall be prescribed by law.' The intention here is plain, to preserve to parties the right to have their controversies tried by jury, in all cases where the right then existed (*Work* v. *State,* 2 Ohio St. 296 [59 Am. Dec. 671]; *Norval* v. *Rice,* 2 Wis. 17, 22; *Exline* v. *Smith,* 5 Cal. 112; *Hughes* v. *Hughes,* 4 T. B. Monr. [17 Ky.] 43); and suitors cannot constitutionally be deprived of this right except where, in civil cases, they voluntarily waive it by failing to demand it in some mode which the legislature shall prescribe.

"The present is one of those cases where a right to a trial by jury existed when the Constitution was formed, and this right must, therefore, 'remain.' "

In *Risser* v. *Hoyt,* 53 Mich. 185, it was said:

"It was against the enactment of new laws which ignored the proceedings according to the course of the common law, and provided summary methods of determining legal rights, that the protecting shield of the Constitution was required. The true criterion is, does the act destroy or materially impair the right of trial by jury according to the course of the common law, in cases *proper for the cognizance of a jury?* The nature of the controversy between the parties, and its fitness to be tried by a jury according to the rules of the common law, and not the nature of the tribunal, nor the summary mode of proceeding therein, should decide the question."

1. There is no doubt of the fitness of the issue in this case to be tried by a jury.

2. Prior to the enactment of this statute, the mortgagee, or his assigns, had a right, under the statutes in force at the time of the adoption of the Constitution, to trial by jury of the question of liability of the mortgagor for deficiency arising from the sale of mortgaged premises by advertisement.

3. Having a right of trial by jury of the issue of the mortgagor's liability at the time the Constitution was adopted, such right of trial by jury may not be abrogated by subsequent legislative enactment but "the right of trial by jury shall remain."

I think the statute in question insofar as it prohibits a jury trial of the prescribed issue is unconstitutional and void, and the judgment is reversed.

Sharpe, J., concurred with Potter, J.

Wiest, J. Right to foreclosure, while statutory, arises out of the contract between the parties. Un-

der such foreclosure, remedy for deficiency is on the law side of the court and, under the mentioned statute, involves an issue of fact as to the value of the property, and the right to trial by jury of such issue is of interest to both parties and the legislature cannot deprive either of the right.

The judgment is reversed and the case remanded with right to trial by jury.

BUTZEL, C. J., and NORTH, J., concurred with WIEST, J.