## General Refractories Co., Inc. v. Henderson et al.

**June 16, 1950.**

Rehearing denied October 24, 1950.

R. C. Littleton, Judge.

James M. Graves and Thomas D. Theobald for appellant.

Davis M. Howerton and Leonard C. Fielder for appellees.

CLAY, COMMISSIONER—Affirming.

This is an appeal from a judgment upholding an award of the Workmen's Compensation Board, allowing appellee disability benefits for silicosis allegedly

contracted while in the employ of appellant. A question of law is determinative of the controversy.

The application was filed in 1945. Under the law then in effect a Medical Committee of physicians, provided for in KRS 342.315 and 342.316, as amended in 1946, heard the evidence and filed its report in 1947. The finding of this Medical Committee was that appellee did not have silicosis. Exceptions to this report were duly filed and no award was made by the Board prior to March 15, 1948.

On that date amendments to Sections 342.315 and 342.316 became effective. These amendments abolished the Medical Committee and made applicable the normal procedure for determining disability as in other accidental injury cases under the Act. Thereafter the Board made an independent finding that appellee had silicosis and entered the award.

Amended Section 342.316 provided in part as follows: "* * * the provisions of this section, dealing with procedure in such cases, shall apply to all silicosis cases pending before the Workmen's Compensation Board in which no final award has been made by the Workmen's Compensation Board at the time the provisions of this section become effective (March 15, 1948)."

Appellant contends: (1) the 1948 amendment should not be construed as applicable to the present case; (2) if applicable, it is unconstitutional as impairing the obligation of a contract; and (3) if applicable, it deprives appellant of a material defense which is a vested property right.

Appellant's first contention is wholly without merit. The statute could scarcely be more specific in providing that pending cases before the Board in which no final award had been made as of March 15, 1948 should be governed by the changed procedure. That is exactly this case. We cannot accept appellant's argument that the use of the word "shall" in the quoted provision shows that it is to operate prospectively only, because under such construction the provision would have no meaning whatsoever. It plainly referred to cases *then* pending.

Appellant's second contention is based on the

theory that the relationship between the parties is contractual; that the provisions of the Act, effective as of the time of the disability, were a part of the contract; and that the change of remedial procedure impairs its rights therein.

It must be conceded that a contractual relationship existed between appellant and appellee. Thomas et al. v. Crummies Creek Coal Co., 297 Ky. 210, 179 S.W.2d 882. It is the universally accepted rule, however, that a prescribed remedy for the enforcement of rights may be changed or modified by the legislature without impairing the obligation of existing contracts. 11 Am. Jur., Constitutional Law, Section 382; 12 Am. Jur., Constitutional Law, Section 433, Mahood v. Bessemer Properties, Inc., 154 Fla. 710, 18 So.2d 775, 153 A.L.R. 1199; U. S. v. Resch, D.C.W.D. Ky., 85 F.Supp. 389.

As stated in Richmond Mortgage & Loan Corporation v. Wachovia Bank & Trust Co., 300 U.S. 124, 128, 57 S.Ct. 338, 339, 81 L.Ed. 552, 108 A.L.R. 886: "The Legislature may modify, limit, or alter the remedy for enforcement of a contract without impairing its obligation, but in so doing, it may not deny all remedy or so circumscribe the existing remedy with conditions and restrictions as seriously to impair the value of the right. The particular remedy existing at the date of the contract may be altogether abrogated if another equally effective for the enforcement of the obligation remains or is substituted for the one taken away."

An excellent statement of the rule quoted from Cooley's Constitutional Limitations, 4 Ed., page 350, appears in the case of Bagby v. Champ, &c., 83 Ky. 13, at page 17: "Whatever belongs merely to the remedy, may be altered according to the will of the State, provided the alteration does not impair the obligation of the contract, and it does not impair it, provided it leaves the parties a substantial remedy according to the course of justice as it existed at the time the contract was made."

As clearly established by the above authorities, the significant consideration is whether or not the change or alteration of remedy *actually deprives a party of a substantial right in the enforcement of the*

*contractual obligation.* The question is one of substance, not of form.

In the present case we may consider the "remedy" of appellant as its right to avoid liability on the ground that appellee was not afflicted with the disease or condition of silicosis. It is obvious this right has in no way been abrogated, circumscribed, or restricted. It remained a perfectly valid defense. The statute affected only the presentation of evidence and by whom it should be considered. At all times, before and after the amendment, the rights of the parties were determinable by the Board. The essential elements of appellee's claim to compensation and appellant's defenses thereto were in nowise changed. Therefore, the modified procedure did not impair any of appellant's contractual rights.

Appellant's last contention is that since the Medical Committee had found in its favor, it thereupon had a vested right in the material defense that appellee did not have silicosis; and the changed procedure resulted in a contrary determination which deprived it of this defense. Both the premise and the conclusion are false.

The finding of the original Medical Committee could not create any vested right because it was not final, but subject to review upon exceptions which were seasonably filed. Section 342.316(12) originally provided in substance that the finding of the Medical Committee was conclusive *unless* "manifestly erroneous or unreasonable, or due to fraud, undue influence, inadvertence or mistake of fact or law." Until these exceptions were passed upon, neither party had any vested right of any nature in the finding of the Committee. Appellant is obviously in error in making the statement that it was "assured of a judgment dismissing appellee's application because of the negative report of the Medical Committee." It had no such assurance.

Nor is it true that the abolition of the Committee took away appellant's "vested defense." Its defense, i.e., that the appellee did not have silicosis, remained inviolate. Only the procedural method of establishing it was altered. As stated in Barker et al. v. Lannert et al., 310 Ky. 843, 222 S.W.2d 659, 663: "No one acquires a vested right in a mode of procedure. So long

618

as the essential elements of protection are preserved, the legislature, as often as it sees fit, may establish various and different modes of procedure.''

It cannot be said the change of procedure spawned the particular finding of the Board adverse to appellant. Clearly the latter had no vested interest in a favorable decision. It follows, therefore, that the amended statute did not deprive it of any legal right, and the award entered in conformity therewith must be upheld.

The judgment is affirmed.