**SANCO ENTERPRISES, INC., Plaintiff in Error,**

v.

**Helven D. CHRISTIAN and Linda Christian, Defendants in Error.**

**No. 44078.**

Supreme Court of Oklahoma.

March 21, 1972.

Bagwell & Bagwell, Oklahoma City, for plaintiff in error.

Bay, Hamilton, Renegar & Lees, Oklahoma City, for defendants in error.

DAVISON, Vice Chief Justice.

This is an appeal from a judgment of the District Court of Oklahoma County, Oklahoma, sustaining the general demurrer of defendants, Helven D. Christian and Linda Christian, to the petition of plaintiff, Sanco Enterprises, Inc. Trial court designations will be used.

The petition alleged that defendants, on October 28, 1968, for a good and valuable consideration executed to City Motor Sales, a Security Agreement, including a note in the principal amount of $756.00, and financing statement which instruments were assigned to plaintiff who now holds them in due course; that after the sum of $230.75 had been applied on the obligation there remained due and unpaid $480.00 for which demand has been made and refused.

The petition further alleged that the Security Agreement covered a 1961 Pontiac automobile which defendants voluntarily released to plaintiff who sold the automobile after proper notice and in accordance with the Security Agreement; that under the terms of the Security Agreement plaintiff is entitled to a deficiency judgment of $480.00.

The questions for decision are (1) Is plaintiff's action to recover a deficiency judgment pretermitted by 14A O.S.1961, (Supp.1969), § 9–101(3) (c) by specific reference to § 5–103(1) (2) ? (2) Are the statutory provisions enumerated in question No. 1 unconstitutional as to plaintiff?

14A O.S. § 9–101(3) & (3) (c) provides:

"(3) Transactions entered into before this Act takes effect and the rights, duties, and interests flowing from them

thereafter may be terminated, completed, consummated, or enforced as required or permitted by statute, rule of law, or other law amended, repealed, or modified by this Act as though the repeal, amendment or modification had not occurred, but this Act applies to

\* \* \* \* \* \*

(c) all credit transactions made before this Act takes effect insofar as the Article on Remedies and Penalties (Article 5) limits the remedies of creditors."

14A O.S. § 5–103(1) (2) (3) provides:

"(1) This section applies to a consumer credit sales of goods or services.

"(2) If the seller repossesses or voluntarily accepts surrender of goods which were the subject of the sale and on which he has a security interest and the cash price of goods repossessed or surrendered was One Thousand Dollars ($1,000.00) or less, the buyer is not personally liable to the seller for the unpaid balance of the debt arising from the sale of the goods, and the seller is not obligated to resell the collateral.

"(3) If the seller repossesses or voluntarily accepts surrender of goods which were *not* the subject of the sale but in which he has a security interest to secure a debt arising from a sale of goods or services or a combined sale of goods and services and the cash price of the sale was One Thousand Dollars ($1,000.00) or less, the buyer is not personally liable to the seller for the unpaid balance of the debt arising from the sale." (emphasis supplied)

We shall assume that plaintiff's remedy for a deficiency judgment was recognized in the Security Agreement. But by virtue of the quoted provisions of the Uniform Consumers Credit Code the remedy afforded by a deficiency judgment is denied on all credit transactions *made before the Code takes effect* (July 1, 1969) where, as here, the seller (or his assignee) voluntarily accepts surrender of the secured goods which were subject of the sale and the

cash value of the goods is $1,000.00 or less. (Not before us are other types of credit transactions where the right to obtain a deficiency judgment is denied.) Plaintiff's petition alleges that defendants duly released said secured 1961 Pontiac automobile to the plaintiff. The necessary operation and effect of the quoted provisions of the Uniform Consumers Credit Code is to put the creditor to a choice if the transaction meets the above mentioned characteristics. He may assume ownership of the goods and forego a deficiency or he may forego ownership and control of the goods and sue for the entire indebtedness. Plaintiff did not allege the date on which the goods were released to it or their value at the time of the release. Since to raise the constitutional issues it was necessary to allege at least this much, we must assume that the value of the goods was equal to the entire indebtedness. This state of the pleadings calls for the application of Richmond Mortg. & L. Corp. v. Wachovia Bank & Tr. Co., 300 U.S. 124, 57 S.Ct. 338, 81 L.Ed. 552, 108 A.L.R. 886. In Richmond the note and security was given in 1928. In 1933 the North Carolina Legislature enacted a statute which in effect permitted the debtor, whose mortgaged property was sold to the mortgagee by a trustee to satisfy the debt, for less than the amount of the debt, to assert as a defense in an action for a deficiency judgment, that the property sold was fairly worth at least the amount of the debt secured by it. The Supreme Court of the United States held that the creditor did not have a constitutional right to receive more than payment in full, and that the North Carolina statute did not impair the obligation of the contract in question. Honeyman v. Jacobs, 306 U.S. 539, 59 S.Ct. 702, 83 L.Ed. 972, considered an attack upon a New York statute which restricted substantially the mortgagee's right to seek a deficiency judgment. The court recognized that the chancellor in equity proceedings always had control over deficiency judgments to prevent injustice. The legislation under consideration did no more than that. The

court said: "In that view it appeared that the new law as to proceedings for a deficiency judgment after the exercise of a power of sale merely restricted the exercise of the contractual remedy to provide a procedure which, to some extent, renders the remedy by a trustee's sale consistent with that in equity'." "And that did 'not impair the obligation of the contract'."

In considering a similar Oklahoma statute, restricting a creditor's opportunity to take a deficiency judgment, 12 O.S. § 686 (1941), we sustained it against identical constitutional attacks in Alliance Truck Company v. Hill, 196 Okl. 310, 164 P.2d 984. This was done by adherence to Honeyman, supra, and Gelfert v. National City Bank of New York, 313 U.S. 221, 61 S.Ct. 898, 85 L.Ed. 1299, 133 A.L.R. 1467.

 Plaintiff also attacks the quoted provisions of the Uniform Consumers Credit Code as violative of Article 5, § 54, of the Oklahoma Constitution, particularly that part of § 54 that says, the repeal of a statute shall not "affect any accrued right." But, here, the provision for a new remedy does not take away an accrued right. Under 14A, § 5–103(2) the creditor loses his remedy for a deficiency judgment if he repossesses or accepts surrender of the goods. If the goods have a higher value than the deficiency the creditor gains; if the goods have a lower value he loses. For aught that appears from the allegations of plaintiff's petition the value of the 1961 Pontiac may have been worth more than the debt. If the value were less, the plaintiff had the obligation to so plead, in asserting the constitutional questions. Plaintiff has no property right to any particular form of remedy. Gibbes v. Zimmerman, 290 U.S. 326, 54 S.Ct. 140, 78 L. Ed. 342. In Swanson v. Bates, C.A.10th, 170 F.2d 648, there was under attack the Oklahoma statutory provision conferring on the District Courts the power to interpret, control and regulate trusts (60 O.S. § 175.23, 1961). This statutory provision modified certain procedural conduct of testamentary trustees. The court said "A state may change methods of procedure, or substitute one remedy for another." In the following cases we held that by virtue of Article 5, § 54, of the Oklahoma Constitution, the repeal of a statute could not affect a taxpayer's right to protest an assessment under a law existing at the time of the repeal "without substituting in lieu thereof [which was not done] some other remedy by which the taxpayer might within a reasonable time protect the right." Morley v. Hurst, 174 Okl. 2, 49 P.2d 546; Barry v. Board of County Com'rs of Tulsa County, 173 Okl. 645, 49 P.2d 548. But here, under the applicable provisions of the Uniform Consumers Credit Code another remedy is substituted which in many instances will enure to the greater benefit of the creditors.

Affirmed.

All Justices concur.