FLEMING, Administrator of the Wage and Hour Division, United States Department of Labor, v. WHITTEMORE et al.

No. 119.

District Court, W. D. Kentucky, Paducah Division.

Nov. 12, 1941.

Gerard D. Reilly, Sol., and Irving J. Levy, Asst. Sol., both of Washington, D. C., and Charles H. Livengood, Jr., and James H. Hynes, both of Nashville, Tenn., for plaintiff.

W. J. Webb, of Mayfield, Ky., for defendants.

MILLER, District Judge.

The Administrator of the Wage and Hour Division, United States Department of Labor, brought this action against the

defendants Guy Whittemore and Will J. Whittemore individually and as partners doing business as Whittemore Brothers Lumber Company to enjoin them from violating Sections 15(a) (1), 15(a) (2), 15 (a) (3), and 15(a) (5) of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 215 (a) (1–3, 5). The matter is before the Court on various motions by the defendants which are discussed and disposed of as follows:

Defendants move to require the plaintiff to elect whether it will prosecute this action against the Whittemore Brothers as a partnership or against Guy Whittemore individually. The complaint states that the partnership is engaged in the production, sale, and distribution of rough lumber, lumber products and building materials; that Guy Whittemore individually is engaged in the distribution of gasoline and petroleum products at wholesale. This shows that there are two separate and distinct businesses. The facts pertaining to the conduct of each business are necessarily different. The right to the relief claimed against the partnership does not arise out of the same transactions which would give a right of relief against the defendant individually operating a gasoline business. Accordingly, the joinder of the partnership operating a lumber business and the individual defendant operating a gasoline business is not authorized by Rule 20 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Defendants' motion to elect is sustained.

Defendants move the Court to dismiss the action because the amount in controversy does not exceed $3,000 exclusive of interest and costs, as is required by Section 41(1), Title 28 U.S.C.A. This question has previously been discussed and ruled upon by this Court in Stucker v. Roselle, D.C.W.D.Ky., 37 F.Supp. 864. The present action is one which arises under a law regulating commerce, and jurisdiction is conferred by Section 41(8), Title 28 U.S.C.A. Defendants' motion to dismiss for this reason is overruled.

Defendants move to dismiss the complaint because it is not sufficiently specific to state a cause of action and also because the allegations contained therein fail to state a cause of action against either of the defendants. These motions are not supported by any brief. The Court is not advised as to any allegations which are missing from the complaint and which should be there in order to constitute a cause of action. The complaint sets out specifically the various sections of the Act which it claims are being violated and states in rather specific language the ways in which those sections are being violated. In the opinion of the Court the allegations are specific enough to advise the defendants of the nature of the claim and are sufficient to constitute a cause of action. Injunctive relief to restrain violations of Section 15 of the Act is authorized by Section 17 of the Act, 29 U.S.C.A. §§ 215, 217. Defendants' motion to dismiss on these grounds is overruled.

Defendants move that the plaintiff be required to make his complaint more specific and set out the names of the employees of the defendants against whom it is claimed that the defendants have discriminated. Section 15(a) (3) of the Act makes it unlawful for any employer to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted any proceeding under the provisions of the Act or has testified or is about to testify in any such proceeding, or has served or is about to serve on any industry committee. The complaint merely alleges that since March 1, 1941, the defendants have discriminated against certain of their employees because such employees instituted proceedings under the provisions of the Act and have testified or were about to testify in such suits or proceedings. I believe the defendants are entitled to know just which ones of their employees are included in these allegations in order that they may properly confine their defense to the designated employees. Plaintiff's motion to make the complaint more specific in this respect is sustained.

Defendants move to strike from the complaint paragraphs 1 through 8, inclusive, because it is not alleged that the defendants were at the time of the filing of the suit violating any of the provisions of Sections 6 or 7 of the Act, 29 U.S.C.A. §§ 206, 207. These paragraphs allege that during the period beginning October 24, 1938, the effective date of the Act, and repeatedly thereafter the defendants did certain acts therein set out, which were in violation of Sections 6 and 7 of the Act. The paragraphs close with the general statement that by reason of the said acts

the defendants have violated and are violating the specified provisions of the Act. Accordingly, defendants' contention that the complaint does not state that the defendants were violating any of the provisions of the Act at the time when the suit was filed is not correct. The allegations seem sufficient to justify injunction proceedings as authorized by Section 17 of the Act. This motion of the defendants is accordingly overruled.

The substance of these several motions is carried over into various paragraphs of the answer and the rulings on these motions will likewise apply to the same contentions as embodied in the answer. It does not seem necessary, however, at this time to make specific rulings with respect to the points presented by the answer, and these rulings will be later specifically made when the case is presented on its merits.