**BOWLES, Price Administrator, v. ROGERS.**

No. 386.

District Court, W. D. Kentucky, at Paducah.
June 10, 1946.

Wiley O. Bullock, of Memphis, Tenn., for plaintiff.

Roy G. Garrison, of Paducah, Ky., for defendant.

SHELBOURNE, District Judge.

Defendant, Mrs. Birdie L. Rogers, bought the six room apartment, which is the subject of this suit by the Office of Price Administration, on April 22, 1944. The property had been registered with the Area Rent Director at Clarksville, Tennessee, by the previous owner. The maximum rent as fixed was $23 per month.

On October 19, 1944, Mrs. Rogers filed a new registration in which she stated that

the six room unit was first rented on October 14, 1944, and she declared the rent to be $45 per month.

Upon receipt of the registration, the Area Rent Director wrote to Mrs. Rogers the following letter:

"October 19, 1944
"Compl. #21776

"Mrs. Birdie Rogers
"1400 South Campbell St.
"Hopkinsville, Ky.

"Dear Mrs. Rogers:

"We received from you this morning a registration statement partially filled out on six rooms which constitutes part of the house located at 1400 South Campbell St., Hopkinsville, Kentucky. This is a void registration on account of the fact that this unit was registered by the former owner and the price was fixed on it by Docket #1186, October 8, 1943 at $25.00 per month.

"The registration which we are voiding shows that you are charging $45.00 per month for this unit. This constitutes an overcharge of $20.00 per month. You should refund to the present tenants all amounts over $25.00 per month that you have charged them, secure their signed receipts and send them to this office at once.

"Inclosed you will find a Change of Tenancy blank which you should fill out and sign, have your new tenant sign and mail to this office.

"We thank you for your cooperation in this matter.

"Very truly yours,
"(Signed) R. H. Yancey
TH
"R. H. Yancey
"Rent Director

"RHY/th
"Enclosure–1
"CC S. E. Yancey
"Hopkinsville, Ky."

On October 23, 1944, Mrs. Rogers did refund to her tenant, Esther H. Rogers, $20, the excess rent for one month.

The Administrator seeks by this action preliminary and permanent injunctions against Mrs. Rogers and to recover $594, which amount represents three times the excess rent alleged to have been charged

by Mrs. Rogers from March 1, 1945 to December 1, 1945. The excess rent for the nine months period would be $198.

The proof is conflicting as to the amount of rent actually paid. The tenant, Esther H. Rogers states positively that he paid defendant $45 each month from October 14, 1944 to December 14, 1945; that he invariably paid her in cash and that each time he received a receipt for $25. Mrs. Violet H. Fields occupied a room in the premises in question. She said that in January 1945 and either in May or June 1945, she saw Esther H. Rogers pay the defendant and that on each occasion he paid her $45. Mrs. Ruth Rogers testifies that she saw her father-in-law, Esther H. Rogers, pay $45 one time and saw his wife pay the rent "several times" and that she, the witness, paid it one time in September 1945— that the amount paid was $45.

Mrs. Lizzie Ebling lived in the house of Esther H. Rogers from September to the latter part of October 1945. She testified that about October 11th, Mrs. Esther H. Rogers paid the rent in the presence of witness—that Mrs. Rogers paid "two twenties and a five." Mrs. Rosa Rogers, wife of Esther H. Rogers, testified that rent at the rate of $45 per month was paid from October 14, 1944 throughout 1945, and that the defendant gave a receipt on each occasion for $25.

Defendant denied the overcharge except for the month of October 1944. She admitted receiving $45 then, but exhibited Esther H. Rogers' receipt for her repayment to him of $20 October 23, 1944. Her testimony was not impressive as is illustrated by the following excerpt:

"Q. Now in that letter it is said that you have been charging $45. a month for that housing unit. State what steps, if any, or what you did upon receipt of that letter. What did you do when they accused you of renting it for $45.00? Is that the time Mr. Fruit told you to go to Clarksville to see about it? A. Yes, I went over there myself.

"Q. Who did you see? A. This lady was over there in the office.

"Q. Who did you talk to? A. Mr. Yancy.

"Q. Did you tell him you were guilty or not guilty? A. This letter was written first—

"Q. (Interrupting) Answer my question. Did you tell him you were guilty or not guilty? A. When you first register a house—

"Q. (Interrupting) I am not asking you that. I am asking you whether you told Mr. Yancey you were not charging $45.00? A. $25.00 is what I charged."

Defendant introduced as witnesses her daughter, Mrs. Lorine Logsden and her son-in-law, E. G. Logsden. Both say they saw the rent paid on December 14, 1945 and that Mrs. Rosa Rogers paid Mrs. Logsden on that occasion "two tens and a five." Mrs. Logsden says that she collected rent of $12.50 March 1, 1946 and $12.50 March 14, 1946.

The preponderance of the testimony supports the claim of the Administrator.

### Findings of Facts

1. During the period from March 1, 1945 to December 1, 1945, defendant collected as monthly rental on the five room apartment located at 1400 S. Campbell Street in Hopkinsville, Kentucky $45.

2. During this period the maximum monthly rental as fixed by the Area Rent Director was $23.

3. In the letter of October 19, 1944, from R. H. Yancey to Mrs. Birdie Rogers, it was stated that the maximum monthly rent was $25.

### Conclusions of Law

1. This Court has jurisdiction of the parties and the subject matter involved herein. Title 50 U.S.C.A.Appendix, § 925.

2. Mrs. Birdie L. Rogers received the excessive rent knowing it was in violation of Rent Regulation for Housing effective June 1, 1943.

3. By receiving rent in excess of the maximum rental permitted under the Regulation, defendant engaged in Acts and Practices violative of Section 4(a) of the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 904(a).

4. The Area Rent Director's letter to defendant of October 19, 1944 stated that the ceiling rent on the housing unit was $25 per month. Defendant had a right to rely upon this information. Bowles v. Hansen Packing Co., D.C., 64 F.Supp. 131, 134.

### Judgment

Plaintiff's demands for preliminary and permanent injunctions are granted and judgment will be had by plaintiff in the sum of $540 and costs.