## UNITED STATES v. RESCH.

Civ. A. No. 1656.
United States District Court
W. D. Kentucky, at Louisville.
Aug. 11, 1949.

Paul Marshall, Cleveland, Ohio, Attorney Office of Housing Expediter, Litigation Section, for plaintiff.

Tilford & Wetherby, Louisville, Ky., J. Dudley Inman, Louisville, Ky., for defendant.

SHELBOURNE, Chief Judge.

United States, as plaintiff in this action, seeks to recover $1,323.75 and an injunction against the defendant, Clarence Resch, who, it is alleged, as the landlord of a housing accommodation described as the second floor of the premises known as 1635 Norris Place in Louisville, Kentucky, demanded and received from his tenant, George L. Howard, between the dates of October 20, 1948, and March 20, 1949, monthly rental at the rate of $125 per month, during which time the maximum legal monthly rental for the premises was $36.75. The total of the alleged overcharge collected within the twelve month statutory period is alleged to be $441.25 and treble that amount is the total sum sought to be recovered. Single amount of the overcharge is sought to be recovered for restitution to the tenant. Jurisdiction is alleged under Sections 205 and 206(b) of the Housing and Rent Act of 1947 as amended, 50 U.S.C.A.Appendix, §§ 1895, 1896(b).

The defendant files motion to dismiss upon two grounds—(1) lack of jurisdiction in this Court, and (2) the complaint

fails to state a claim upon which relief can be granted.

 Defendant's first contention is that the 1949 amendment, 63 Stat. 18, to the Housing and Rent Act of 1947 whereby the Government is given the right to sue for treble damages in event the tenant fails for thirty days to institute such action is not retroactive. Admittedly, the violations alleged in the complaint occurred prior to the passage of the 1949 amendment. This suit was instituted April 26, 1949. That amendment to Section 205, of the Housing and Rent Act of 1947 created a remedy in favor of the Government which it did not have under the 1947 Act. However, the same remedy was previous to the 1949 amendment available to the tenant by virtue of a 1948 amendment. No new penalty was created. The damages formerly recoverable by the tenant were not increased and the remedy given to the Government was predicated on the failure of the tenant to bring his suit within a given time.

"Congress or a state legislature may pass retrospective laws such as in their operation may affect pending suits and give to a party a remedy which he did not previously possess, or modify an existing remedy or remove an impediment in the way of legal proceedings." Landay v. United States, 6 Cir., 108 F.2d 698, 705, certiorari denied 309 U.S. 681, 60 S.Ct. 721, 84 L.Ed. 1024.

See also Chase Securities Corporation v. Donaldson, 325 U.S. 304, 65 S.Ct. 1137, 89 L.Ed. 1628, wherein the Supreme Court held valid the retroactivity of a statute of limitations of Minnesota. M.S.A. § 541.05.

The Court of Appeals for the Third Circuit in Porter v. Senderowitz, 158 F.2d 435, 440, certiorari denied 330 U.S. 848, 67 S.Ct. 1091, 91 L.Ed. 603, held valid price orders which were retroactive in effect holding that damages even when treble were not violations of ex post facto provisions of the Constitution, Article 1, Section 9, Clause 3. The Court said:

"The effect of retroactivity also has been applied in order to effectuate a legislative policy. Currently it has been used in litigation involving rent controls."

Martini v. Porter, 9 Cir., 157 F.2d 35, 40, certiorari denied 330 U.S. 848, 67 S.Ct. 1091, 91 L.Ed. 606, the Court said: "The fact that the order has a retroactive effect does not necessarily make it invalid. Compare Paramino Lumber Company v. Marshall, 309 U.S. 370, 60 S.Ct. 600, 84 L.Ed. 814 * * *. No vested right of appellant's was disturbed for 'there is no such thing as a vested right to do wrong.'" See also Bowles v. Strickland, 5 Cir., 151 F.2d 419, and Bowles v. Miller, 10 Cir., 151 F.2d 992.

 As to the defendant's second contention that the complaint shows on its face that violation was completed more than a month before the complaint was filed,—this contention relates of course to the injunction sought. The complaint alleges that the defendant has violated the Act and unless enjoined and restrained will continue to engage in such acts and practices. Schedule A of the complaint does show that on March 20, 1949, the violation as to the tenant, Howard, ceased, but this is not sufficient to authorize the conclusion that the housing accommodation is not held out for rent and in fact rented, and the proof may disclose that the alleged violation ceased on March 20, 1949.

 The complaint meets the standards required as to allegations of an adequate remedy at law, allegation of irreparable injury not being necessary where the statute authorizes an injunction. Bowles v. Huff, 9 Cir., 146 F.2d 428.

 The plaintiff is entitled to seek a recovery for the overcharge and an injunction, as held by this Court, Bowles v. Rogers, D.C., 66 F.Supp. 9. See also opinion of this Court, Judge Miller, Fleming v. Whittemore, D.C., 41 F.Supp. 767, the latter case being a suit under the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., in which it was held that the allegation of stated violations of the Act together with the allegation of present violations was sufficient. We think paragraph 4 of the complaint substantially meets this requirement.

In support of his insistence that this Court is without jurisdiction, the defendant relies upon Fields v. Washington, 3 Cir.,

173 F.2d 701, and Woods et al. v. Shoreline Cooperative Apartments, 84 F.Supp. 660, Judge Shaw.

The Fields case is not applicable here in this action instituted by the United States. That case merely held that the District Court did not have jurisdiction of an action instituted by the tenant where the amount in controversy was less than the Three Thousand Dollars, but the Court there expressed the opinion that an action by the Housing Expediter could be maintained under Title 28 U.S.C.A. § 1355.

The Housing and Rent Act of 1949 amended Sections 204(a) and 205 of the 1947 Act as amended, 50 U.S.C.A.Appendix, §§ 1894(a), 1895, so as to allow the United States to institute an action for treble the overcharges when the tenant failed for thirty days to institute action. Title 28 U.S.C.A. § 1345, confers upon District Courts jurisdiction of all suits brought by the United States in civil actions, suits or proceedings where the Government or any agency or officer thereof is expressly authorized by an Act of Congress to sue.

In the Shoreline Cooperative Apartment case supra, the 1949 Housing and Rent Act was declared invalid because of the "local option clauses", that is, because Section 203 of the Act gives to the Housing Expediter the right to decontrol parts or all of any defense rental area and subsection (j) of Section 203, 50 U.S.C.A. Appendix, § 1894 (j), gives to the Governor and the State Legislature of the respective States power to decontrol defense rental areas. The rights to decontrol in both instances being authorized where the Housing Expediter, on the one hand, or the State authorities, on the other, in the exercise of their judgment think the need no longer exists by reason of new construction or satisfaction of rental demands in other ways.

Section 203(a) of the Act, 50 U.S.C.A. Appendix, § 1894(a), fixes the expiration date of the 1949 Act as June 30, 1950, and this would terminate rent control in all defense rental areas provided it had not been sooner terminated under Section 203 by the Housing Expediter or the State authorities.

■ If the delegation of power provided by the "local option clauses" should be invalid, the remainder of the Act would stand, for Section 303 of the Act, 50 U.S. C.A.Appendix, § 1908, provides:

"If any provision of this Act or the application of such provision to any person or circumstances shall be held invalid, the validity of the remainder of the Act, and the applicability of such provision to other persons or circumstances shall not be affected thereby."

■ Nor is it my opinion that the delegation of power contained in the "local option clauses" is an unlawful delegation. In Woods v. Cloyd W. Miller Company, 333 U.S. 138, 139, 68 S.Ct. 421, 424, 92 L.Ed. 596, the Court said:

"The question of the constitutionality of action taken by Congress does not depend on recitals of the power which it undertakes to exercise. Here it is plain from the legislative history that Congress was invoking its war power to cope with a current condition of which the war was a direct and immediate cause. Its judgment on that score is entitled to the respect granted like legislation enacted pursuant to the police power."

In Bowles v. Willingham, 321 U.S. 503, 64 S.Ct. 641, 647, 88 L.Ed. 892, the Supreme Court held constitutional the right of the Administrator to fix maximum rents, holding that the power was limited by "in his judgment" and that such a delegation was proper.

It is therefore ordered that the defendant's motion to dismiss should be overruled. Plaintiff will tender order to that effect.