RICHMOND MORTGAGE AND LOAN CORPORATION v. WACHOVIA BANK AND TRUST COMPANY AND ALEXANDRA G. JOHNSON, EXECUTORS OF ROBERT P. JOHNSON, DECEASED.

(Filed 29 April, 1936.)

1. **Mortgages H k—Where holder of notes bids in property at foreclosure under power of sale, deficiency judgment may be resisted upon showing that property was worth amount of debt at the time.**

Where a mortgage or deed of trust is foreclosed under the power of sale contained in the instrument, and the holder of the notes secured thereby

bids in the property, directly or indirectly, for an amount less than the debt and sues to recover a deficiency judgment. *Held:* Under the provisions of sec. 3 of ch. 275, Public Laws of 1933, recovery is properly denied upon the finding of the jury that the property was worth the amount of the debt at the time and place of the sale. The statute applies only to foreclosures under powers of sale and not to actions to foreclose, and only to instances where the creditor bids in the property, directly or indirectly, and not to instances where the property is bid in by independent third persons.

2. **Constitutional Law E a—Statute regulating recovery of deficiency judgment held not to impair obligations of contract.**

Sec. 3 of ch. 275, Public Laws of 1933, providing that upon the purchase of the property at the foreclosure sale under the power contained in the instrument by the mortgagee, *cestui que trust*, or holder of the notes secured by the instrument, the mortgagor or trustor may resist recovery of a deficiency judgment by showing that at the time of the sale the property was worth the amount of the debt, is constitutional and valid and does not impair the obligations of contract, since the statute recognizes the obligation of the debtor to pay his debt and the right of the creditor to enforce payment by proceedings in accordance with the terms of the agreement, but provides merely for judicial supervision of sales under power to the end that the price bid at the sale shall not be conclusive as to the value of the property, and that the creditor may not recover any deficiency after applying the purchase price to the notes without first accounting for the fair value of the property in accordance with well settled principles of equity. Constitution of the United States, Art. I, sec. 10, 5th Amendment, 14th Amendment, sec. 1; Constitution of North Carolina, Art. I, secs. 7, 17, 35.

DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Oglesby, J.,* at August Term, 1935, of BUNCOMBE. Affirmed.

This is an action to recover judgment for the amount due on certain notes which were executed by the defendants, and are now owned by the plaintiff.

The action was begun in the general county court of Buncombe County on 18 June, 1934. The facts admitted in the pleadings are as follows:

On 15 August, 1928, the defendants executed and delivered to the State-Planters Bank of Richmond, Virginia, their promissory notes aggregating in amount $8,000.00. The consideration for said notes was the sum of $8,000.00, which was loaned to the defendants by the State-Planters Bank on or about 15 August, 1928. The said notes, with interest at the rate of six per cent per annum from date, payable semi-annually, were due and payable from time to time until 15 August, 1933, when the last of said notes was due. At the date of the commencement of this action the plaintiff was the holder and owner of said notes.

Contemporaneously with the execution of said notes, and for the purpose of securing their payment, as they should severally become due, the defendants executed a deed of trust by which they conveyed to the trustees named therein a certain lot of land, together with the building located thereon, situate in the city of Asheville, Buncombe County, North Carolina. This deed of trust contained a power of sale by which, upon the default of the defendants in the payment of said notes as the same became due, and upon the request of the holder of said notes, the trustees were authorized and empowered to sell the lot of land described therein, and to apply the proceeds of the sale as a payment on said notes. The deed of trust was duly recorded in the office of the register of deeds of Buncombe County.

After they had paid the sum of $1,200.00 on the principal, and had also paid the interest which had accrued on said notes prior to 15 August, 1932, the defendants defaulted in the payment of principal and interest due at said date. Because of such default, and at the request of the plaintiff as the holder of said notes, the trustees named in the deed of trust, after fully complying with all its provisions, offered the lot of land described in the deed of trust for sale on 19 June, 1933. At said sale, the Madison Investment Company was the last and highest bidder for said lot of land in the sum of $3,000.00. This bid was not raised within ten days after the sale, and thereafter the trustees conveyed said lot of land to the Madison Investment Company, and applied the proceeds of the sale, to wit: The sum of $2,841.11, as a payment on the amount then due on said notes, to wit: The sum of $7,375.90, leaving the amount due on said notes at the date of the commencement of this action $4,534.79, with interest from 19 June, 1933.

On the facts admitted in the pleadings, the plaintiff demanded judgment that it recover of the defendants the sum of $4,534.79, with interest from 19 June, 1933, and the costs of the action.

In their answer, in defense of plaintiff's recovery in this action, the defendants alleged that as the result of the sale of the lot of land described in the deed of trust securing the payment of the notes sued on in this action, on 19 June, 1933, and of its subsequent conveyance by the trustees pursuant to said sale, the plaintiff has become the owner of said lot of land; that the amount bid for said lot of land on 19 June, 1933, to wit: The sum of $3,000.00, was not its fair value at said date; and that at said date, the said lot of land was fairly worth the amount then due to the plaintiff on said notes.

The defendants prayed judgment that the plaintiff recover nothing in this action, and that they recover of the plaintiff their costs incurred in the action.

At the trial, the plaintiff admitted that the Madison Investment Company purchased the lot or parcel of land described in the deed of trust for and on behalf of the plaintiff, and that the plaintiff was the holder and owner of the notes secured by said deed of trust at the date of the sale.

Issues submitted to the jury were answered as follows:

"1. What was the amount of the indebtedness secured by the deed of trust described in the complaint on 19 June, 1933 ?" Answer: "$7,375.90."

"2. Did the plaintiff, either directly or indirectly, become the purchaser of the property at the foreclosure sale?" Answer: "Yes."

"3. What was the property sold fairly worth at the time and place of the sale?" Answer: "$8,000.00."

"4. What amount was unpaid on the notes described in the complaint after all credits have been allowed immediately subsequent to the sale on 19 June, 1933 ?" Answer: "$4,534.79."

From judgment on the verdict that plaintiff recover nothing of the defendants, and that defendants recover of the plaintiff their costs, the plaintiff appealed to the Superior Court of Buncombe County, assigning errors in the trial and in the judgment.

At the hearing of its appeal, neither of plaintiff's assignments of error was sustained.

From judgment affirming the judgment of the general county court, the plaintiff appealed to the Supreme Court, assigning as errors the refusal of the judge of the Superior Court to sustain its assignments of error on its appeal from the judgment of the general county court.

*Harkins, Van Winkle & Walton for plaintiff.*
*Parker, Bernard & DuBose for defendants.*

CONNOR, J. Chapter 275, Public Laws of North Carolina, 1933, is entitled "An act to regulate the sale of real property upon the foreclosure of mortgages or deeds of trust." The Act was ratified on 18 April, 1933, and has been in full force and effect since said date. It applies only to a sale made by a mortgagee or trustee under a power of sale contained in a mortgage, deed of trust, or other instrument, securing the payment of money. It does not apply to a sale made under an order, judgment, or decree in an action to foreclose a mortgage or deed of trust, or similar instrument.

In sections 1 and 2 of the Act it is provided that where real property has been offered for sale by a mortgagee, or by a trustee under the power of sale contained in a mortgage or deed of trust, and the sum bid at such sale is inadequate, and for that reason the consummation of the sale

would be inequitable, because it would result in irreparable damage to the mortgagor or grantor in the deed of trust, or to any other person having a legal or equitable interest in the property, the mortgagor, or the grantor, or any other interested person, at any time before the consummation of the sale, may apply to a judge of the Superior Court for an order enjoining the consummation of the sale, and that in such case the judge of the Superior Court may enjoin the consummation of the sale, and may order a resale of the property by the mortgagee, by the trustee, or by a commissioner appointed by him for that purpose, upon such terms as he may deem just and equitable.

The validity of these sections of the statute was challenged in *Woltz v. Deposit Co.,* 206 N. C., 239, 173 S. E., 587. The challenge was not sustained. It was held by this Court that sections 1 and 2 of the statute are valid, and were applicable to the facts in that case. This decision was approved in *Hopkins v. Swain,* 206 N. C., 439, 174 S. E., 409, in *Miller v. Shore,* 206 N. C., 732, 175 S. E., 135, and in *Barringer v. Trust Co.,* 207 N. C., 505, 177 S. E., 795.

Speaking of sections 1 and 2 of the statute, it was said in *Woltz v. Deposit Co., supra:* "The statute does not violate any provision of the Constitution of the United States, or of the Constitution of the State of North Carolina, by which limitations are imposed upon the legislative power of the General Assembly of this State. It does not impair the obligation of the contract entered into by and between the parties to the mortgage or to the deed of trust; it does not deprive either party of property without due process of law; nor does it confer upon mortgagors or grantors in deeds of trust any exclusive privilege. The statute is remedial only, and is valid for the purpose. It is applicable to a sale made since its enactment, although the sale was made under a power of sale contained in a mortgage or deed of trust executed prior to its enactment."

In the instant case, the validity of section 3 of the statute is challenged by the appellant on the ground that its enactment by the General Assembly of this State was in violation of section 10 of Article I of the Constitution of the United States, of the Fifth Amendment, and of section 1 of the Fourteenth Amendment of said Constitution, and was also in violation of sections 7, 17, and 35 of Article I of the Constitution of the State of North Carolina, in that said section impairs the obligation of the contract entered into by and between the plaintiff and the defendant prior to its enactment.

Section 3 of chapter 275, Public Laws of North Carolina, 1933, is as follows: "Sec. 3. When any sale of real estate or personal property has been made by a mortgagee, trustee, or other person authorized to make the same, at which the mortgagee, payee, or other holder of the

obligation thereby secured becomes the purchaser and takes title either directly or indirectly, and thereafter such mortgagee, payee, or other holder of the secured obligation, as aforesaid, shall sue for and undertake to recover a deficiency judgment against the mortgagor, trustor, or other maker of any such obligation whose property has been so purchased, it shall be competent and lawful for the defendant against whom such deficiency judgment is sought to allege and show as a matter of defense and offset, but not by way of counterclaim, that the property sold was fairly worth the amount of the debt secured by it at the time and place of sale, or that the amount bid was substantially less than its true value, and upon such showing, to defeat or offset any deficiency judgment against him, either in whole or in part: *Provided,* this section shall not affect nor apply to the rights of other purchasers or of innocent purchasers, nor shall it be held to affect or defeat the negotiability of any note, bond, or other obligation secured by such mortgage, deed of trust, or other instrument: *Provided, further,* this section shall not apply to foreclosure sales made pursuant to an order or decree of court, nor to any judgment sought or rendered in any foreclosure suit, nor to any sale heretofore made and confirmed."

The statute recognizes the obligation of a debtor who has secured the payment of his debt by a mortgage or deed of trust to pay his debt in accordance with his contract, and does not impair such obligation. Nor does the statute hinder, delay, or defeat, in whole or in part, the right of the creditor to enforce such obligation by an action instituted by him against his debtor in a court of competent jurisdiction. There is nothing in the statute which prevents a recovery by the creditor in such action of a judgment for the amount due on the debt. The statute provides only that when the creditor has elected to become the purchaser of the property conveyed by the mortgage or deed of trust at a sale made under a power of sale contained in the mortgage or deed of trust, and thereafter, pursuant to such sale and purchase, acquires title to the property, he shall not recover judgment against his debtor for any deficiency, after the application of the amount of his bid as a payment on the debt, without first accounting to his debtor for the fair value of the property at the time and place of the sale, and that such value shall be determined by the court. In such case, the amount bid by the creditor at the sale, and applied by him as a payment on the debt, is not conclusive as to the value of the property.

We are of the opinion that the statute is valid, and so hold.

The statute involved in this action is not "emergency legislation," nor is its purpose to provide a "moratorium" for debtors during a temporary period of depression. For this reason, the cases cited by appellant from other jurisdictions are not applicable in the instant case. The

statute recognizes the validity of powers of sale contained in mortgages or deeds of trust, but regulates the exercise of such powers by the application of well settled principles of equity. It does not impair the obligation of contracts, but provides for judicial supervision of sales made and conducted by creditors whose debts are secured by mortgages or deeds of trust, and thereby provides protection for debtors whose property has been sold and purchased by their creditors for a sum which was not a fair value of the property at the time of the sale. See *Better Plan Building & Loan Assn. v. Holden* (N. J.), 169 Atl., 289.

The statute is applicable in the instant case, and supports the judgment of the Superior Court. For that reason the judgment is

Affirmed.

DEVIN, J., took no part in the consideration or decision of this case.