In the Matter of the Foreclosure of a Deed of Trust Executed by OTTER POND INVESTMENT GROUP, LIMITED, Dated August 31, 1983, Recorded in Book 358, Page 422, Moore County Registry, by J. ALLEN HARRINGTON, Trustee

No. 8520SC822

(Filed 4 March 1986)

Mortgages and Deeds of Trust § 32— mortgagor as defaulting bidder—not entitled to prove worth of foreclosed property

A mortgagor who was a defaulting bidder at the original foreclosure sale was not entitled to prove that the foreclosed property acquired by the creditors at a second sale was worth the sum that it owed them after the difference between the mortgagor's defaulted bid and the final sale price was deducted from the mortgagor's bid deposit pursuant to N.C.G.S. 45-21.30(d). N.C.G.S. 45-21.36.

APPEAL by respondent Otter Pond Investment Group, Limited from Collier, Judge. Order entered 30 April 1985 in Superior Court, Moore County. Heard in the Court of Appeals 6 December 1985.

Harrington & Gilleland, by J. Allen Harrington, for petitioner appellees.

Thigpen & Evans, by John B. Evans, for respondent appellant Otter Pond Investment Group, Limited.

PHILLIPS, Judge.

This foreclosure proceeding to sell real property is based on the failure of Otter Pond Investment Group, Limited to pay its $2,500,000 secured note when due. The proceeding progressed in due course and when the secured realty was first offered for sale the debtor-mortgagor ended up as the highest bidder at a price of $2,336,300, in support of which it deposited $111,300 with the Clerk of Superior Court. But Otter Pond thereafter refused to complete the purchase and the property was duly re-advertised and resold for $2,230,000 — $106,300 less than the defaulted bid. This sale, to one of the creditor-noteholders, was duly completed and confirmed. Thereafter, the Clerk of Superior Court, pursuant to the petition of the foreclosing trustee, ordered that $106,300 of the $111,300 deposit be turned over to the trustee for distribution as the law provides, and that the remaining $5,000 of the deposit, less the trustee's costs in reselling the property, be returned to Otter Pond. Upon appeal to the Superior Court the order was affirmed.

The deductions made from the defaulting bidder's deposit were expressly authorized by G.S. 45-21.30(d), which provides that a "defaulting bidder at any sale or resale . . . shall remain liable to the extent that the final sale price is less than his bid plus all costs of such resale or resales," and the appellant does not contend otherwise. Its sole contention is that the court erred in depriving it of the right, authorized by G.S. 45-21.36, to prove that the foreclosed property acquired by the creditors was worth the sum that it owed them. This contention has no merit for two reasons. First, G.S. 45-21.36 permits such proof only in a suit against a mortgagor, trustor, or other maker for a deficiency judgment, and this is not a suit of any kind, but a foreclosure proceeding. Second, by its very terms, G.S. 45-21.36 has no application "to foreclosure sales made pursuant to an order or decree of court," and the foreclosure sale made in this proceeding was pursuant to an order of court. Furthermore, even if the appellant had had the right to present evidence as to the value of the property sold, nothing in the record shows either that the appellant offered to present such evidence or that the court refused to receive it.

---

Affirmed.

Judges WHICHARD and JOHNSON concur.