UNITED CAROLINA BANK v. TUCKER

[99 N.C. App. 95 (1990)]

---

UNITED CAROLINA BANK v. THOMAS S. TUCKER AND JANET H. TUCKER

No. 8913SC446

(Filed 19 June 1990)

1. **Mortgages and Deeds of Trust § 32 (NCI3d)— foreclosure proceeding under power of sale — value of property at time of sale — defense available to debtor**

An order entered by the clerk of court in a foreclosure proceeding under a power of sale is not an "order or decree of court" which would make the value of the property unavailable to the debtors as a defense under N.C.G.S. § 45-21.36 in an action by the foreclosing creditor to obtain a deficiency judgment.

**Am Jur 2d, Mortgages §§ 699, 922.**

UNITED CAROLINA BANK v. TUCKER

[99 N.C. App. 95 (1990)]

2. **Mortgages and Deeds of Trust § 32 (NCI3d)— deficiency action—application where creditor bids on property subject to prior liens**

The statute permitting the debtors to raise the value of the property as a defense to a creditor's action for a deficiency judgment, N.C.G.S. § 45-21.36, applied where the creditor purchased property at a foreclosure sale which was subject to prior liens or deeds of trust.

**Am Jur 2d, Mortgages §§ 699, 922.**

APPEAL by defendants from judgments entered 23 January 1989 and 13 February 1989 by *Judge Henry V. Barnette, Jr.* in BRUNSWICK County Superior Court. Heard in the Court of Appeals 18 October 1989.

*Baxley and Trest, by Roy D. Trest, for plaintiff-appellee.*

*Stanley & Stanley, by Davey L. Stanley, for defendant-appellant Thomas S. Tucker.*

*Murchison, Taylor, Kendrick, Gibson & Davenport, by Nancy M. Guyton, for defendant-appellant Janet H. Tucker.*

PARKER, Judge.

This action was instituted by plaintiff United Carolina Bank for a deficiency judgment against the defendants Thomas S. Tucker and Janet H. Tucker following a foreclosure sale.

Defendants were indebted to plaintiff in the original principal amount of $78,169.69. This debt was evidenced by a promissory note and secured by a second deed of trust upon real estate owned by defendants. Pursuant to the power of sale contained in the deed of trust, the trustee foreclosed on the property after defendants defaulted on the debt. At the foreclosure sale held on 18 May 1988, plaintiff was the highest bidder with a bid of $50,000.00. Plaintiff took title to the property by deed dated 1 June 1988 and recorded in the Brunswick County Registry in Book 733 at page 500. Plaintiff then claimed a deficiency of $33,812.84 in this action.

In their answer, the defendants pursuant to G.S. 45-21.36 raised the value of the property as a defense. Prior to trial, plaintiff moved for summary judgment against defendant Thomas Tucker

on 12 September 1988, and against defendant Janet Tucker on 24 January 1989. Both defendants responded to the motions with an affidavit from a real estate appraiser that the fair market value of the property was $153,000.00, which was greater than the amount of the debt at the time of foreclosure. The trial judge granted summary judgment in favor of plaintiff, and defendants appeal.

[1] On appeal defendants' sole assignment of error is that the trial judge erred in granting summary judgment in favor of plaintiff. Summary judgment should be granted only if there is no genuine issue as to any material fact, and the moving party is entitled to a judgment as a matter of law. G.S. 1A-1, Rule 56(c); *Vassey v. Burch*, 301 N.C. 68, 72, 269 S.E.2d 137, 140 (1980). Defendants contend that, pursuant to G.S. 45-21.36, they are entitled to raise the value of the property at the time and place of sale as a defense to this deficiency action and that a genuine issue of material fact exists as to the fair value of the property. Plaintiff argues that the clerk's order authorizing the trustee to proceed with the sale was an "order or decree of court," making G.S. 45-21.36 unavailable to defendants as a defense. We agree with defendants and reverse.

There are two methods of foreclosure in North Carolina: foreclosure by judicial action and foreclosure by power of sale. *Phil Mechanic Construction Co. v. Haywood*, 72 N.C. App. 318, 321, 325 S.E.2d 1, 3 (1985). Each method of foreclosure is governed by different statutory procedures. General Statute 1-339.1 *et seq.* govern judicial sales, and G.S. 45-21.1 *et seq.* govern foreclosures pursuant to power of sale.

"Foreclosure by action requires formal judicial proceedings initiated by summons and complaint in the county where the property is located and culminating in a judicial sale of the foreclosed property if the mortgagee prevails." *Id.* General Statute 1-339.1 specifically excludes from the definition of judicial sale "[a] sale made pursuant to a power of sale [c]ontained in a mortgage, deed of trust, or conditional sale contract." G.S. 1-339.1(a)(1)a. Because judicial foreclosure is a civil action, there is a right to jury trial. *See In re Foreclosure of Sutton Investments*, 46 N.C. App. 654, 663, 266 S.E.2d 686, 691, *disc. rev. denied and appeal dismissed*, 301 N.C. 90, 273 S.E.2d 311 (1980). In judicial foreclosure, the sale must be confirmed by the court pursuant to G.S. 1-339.28; and "[b]efore confirmation, the prospective purchaser has no vested interest in the property. His bid is but an offer subject to the

approval of the court." *In re Green*, 27 N.C. App. 555, 557, 219 S.E.2d 552, 553 (1975), *disc. rev. denied and appeal dismissed*, 289 N.C. 140, 220 S.E.2d 798 (1976) (citing *Page v. Miller*, 252 N.C. 23, 25, 113 S.E.2d 52, 55 (1960)).

A foreclosure by power of sale is a special proceeding commenced without formal summons and complaint and with no right to a jury trial. *In re Foreclosure of Sutton Investments*, 46 N.C. App. at 663, 266 S.E.2d at 691. General Statute 45-21.16 requires a hearing before the clerk of court to determine specified issues prior to authorizing the trustee to proceed with the sale. *In re Foreclosure of Deed of Trust*, 55 N.C. App. 68, 71, 284 S.E.2d 553, 555 (1981), *disc. rev. denied*, 305 N.C. 300, 291 S.E.2d 149 (1982). At the hearing the clerk is required to determine four facts: (i) a valid debt; (ii) a default; (iii) the trustee's right to foreclose under the deed of trust; and (iv) sufficient notice to the debtor. G.S. 45-21.16(d). Unless there is an upset bid as provided in G.S. 45-21.27, "there is no legal requirement that the clerk either confirm the sale or direct the execution of a trustee's deed as a prerequisite to legal consummation of such sale by the trustee." *Products Corp. v. Sanders*, 264 N.C. 234, 244, 141 S.E.2d 329, 336 (1965). Sales conducted pursuant to Article 2A of Chapter 45 are not pursuant to judicial action; the article "does not affect any right to foreclosure by action in court, and is not applicable to any such action." G.S. 45-21.2.

In the instant case, it was undisputed that the mortgage instrument contained an express power of sale. The record shows that a hearing was conducted by the Clerk of Superior Court, Brunswick County, on 26 April 1988. In that hearing, the clerk found the four requisite facts outlined above and entered the following order: "NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Douglas W. Baxley, Substitute Trustee, can proceed with foreclosure under the aforesaid deed of trust recorded in Book 680, page 968, Brunswick County Registry, as provided in General Statute Section 45-21.16(d)."

As this Court has previously stated:

G.S. 45-21.36 allows a debtor to claim a setoff against a deficiency judgment to the extent that the bid at the foreclosure is substantially less than the true value of the realty, where (1) the creditor forecloses pursuant to a power of sale clause,

(2) there is a deficiency, and (3) the creditor who forecloses is the party seeking a deficiency judgment.

*Hyde v. Taylor*, 70 N.C. App. 523, 526, 320 S.E.2d 904, 906-07 (1984). General Statute 45-21.36 also provides that "this section shall not apply to foreclosure sales made pursuant to an order or decree of court . . . ."

The availability of G.S. 45-21.36 as a defense to a debtor in an action for deficiency judgment after foreclosure is of longstanding duration under our law. In the case of *Loan Corporation v. Trust Co.*, 210 N.C. 29, 185 S.E. 482 (1936), *aff'd*, 300 U.S. 124, 57 S.Ct. 338, 81 L.Ed. 552 (1937), the denial of a deficiency judgment to plaintiff was upheld because the defendants successfully pled the fair value of the property as a defense. In that case the Court reasoned as follows:

> The statute recognizes the validity of powers of sale contained in mortgages or deeds of trust, but regulates the exercise of such powers by the application of well settled principles of equity. It does not impair the obligation of contracts, but provides for judicial supervision of sales made and conducted by creditors whose debts are secured by mortgages or deeds of trust, and thereby provides protection for debtors whose property has been sold and purchased by their creditors for a sum which was not a fair value of the property at the time of the sale.

*Id.* at 34-35, 185 S.E. at 485 (citation omitted). The court further stated that the statute did not "apply to a sale made under an order, judgment, or decree in an action to foreclose a mortgage or deed of trust, or similar instrument." *Id.* at 32, 185 S.E. at 484.

An order entered by the clerk of court in a foreclosure proceeding under a power of sale is not the type of "order or decree of court" specifically excluded under G.S. 45-21.36. The statutory requirement of a hearing by the clerk was intended "to meet minimum due process requirements, not to engraft upon the procedure for foreclosure under a power of sale all of the requirements of a formal civil action. To [do] so would . . . render the private remedy as expensive and time-consuming as foreclosure by action." *In re Foreclosure of Sutton Investments*, 46 N.C. App. at 663, 266 S.E.2d at 691 (1980). Taken to its logical conclusion plaintiff's argument would deprive every debtor of the benefit of asserting

the value of the property as a defense in a suit for deficiency judgment, since all foreclosures by power of sale must by statute have an order entered by the clerk authorizing the sale.

Plaintiff cites the case of *Turner v. Blackburn*, 389 F. Supp. 1250 (W.D.N.C. 1975), as support for its argument that the clerk's role in a foreclosure by power of sale is tantamount to an order or decree of court. Plaintiff, however, quotes *Turner* out of context. In that case, the court stated, "The clerk's role [under Chapter 45] is not merely ministerial." *Id.* at 1257. In *Turner*, the application of North Carolina's statutory provisions regulating foreclosures by power of sale was held to be violative of due process. *Id.* at 1254. At the time *Turner* was decided, the statutes did not require personal notice to the debtor of the foreclosure. The defendant in *Turner* argued that there was not enough state action involved under a power of sale foreclosure to warrant notice. The court responded that the clerk's role was more than ministerial. *Id.* at 1257.

Plaintiff also cites *In re Foreclosure of Otter Pond Investment Group*, 79 N.C. App. 664, 339 S.E.2d 854 (1986), as supporting its contention that G.S. 45-21.36 is not applicable to this case. *Otter Pond*, however, is clearly distinguishable on its facts from this case. In *Otter Pond*, the debtor-mortgagor was the highest bidder at the foreclosure sale. The debtor deposited a sum of money with the Clerk of Superior Court to support its bid but later defaulted on the bid. The property was resold to one of the creditor note holders at less than the sum bid by the debtor. Therefore, the clerk ordered disbursement of debtor's deposit in accordance with G.S. 45-21.30(d). The debtor attempted to retain its deposit by contending that the property sold for less than fair market value and invoked G.S. 45-21.36 to support its argument. *Id.* at 665, 339 S.E.2d at 854-55. In ruling against the debtor, this Court held that G.S. 45-21.36 was not available as a defense because the proceeding was a foreclosure sale, not an action for a deficiency judgment. *Id.* at 665, 339 S.E.2d at 855.

[2] Plaintiff further argues that G.S. 45-21.36 should not apply where the creditor is bidding on property which is subject to prior liens or deeds of trust. Plaintiff reasons that in some cases the prior liens or deeds of trust might exceed the fair market value of the property. Plaintiff cites *Northwestern Bank v. Weston*, 73 N.C. App. 162, 325 S.E.2d 694, *cert. denied*, 314 N.C. 117, 332 S.E.2d 483 (1985), to support its argument.

On its facts *Northwestern* is distinguishable from the present case. In *Northwestern* the holder of a second deed of trust was the purchaser at a sale to foreclose on the first deed of trust. After payment of the costs of sale and the sum due under the first deed of trust, the amount remaining, including the proceeds of resale by plaintiff, was insufficient to cover the indebtedness secured by the second deed of trust. Plaintiff, holder of the second deed of trust, sued defendant for the deficiency. *Id.* at 163, 325 S.E.2d at 695. Defendant attempted to raise G.S. 45-21.36 as a defense. The court found the statute to be inapplicable, stating that "the statute is designed to protect mortgagors from mortgagees who purchase at sales they have conducted or initiated pursuant to the power of sale in their mortgage contract with the mortgagors." *Id.* at 164, 325 S.E.2d at 696. Since the holder of the second deed of trust in that case did not conduct or initiate the foreclosure sale, it had no duty to defendant to bid the highest value for the property. *Id.* at 165, 325 S.E.2d at 696.

In the instant case, the foreclosure was conducted pursuant to G.S. 45-21.16. Defendants invoked G.S. 45-21.36 by way of defense and submitted the affidavit of Michael D. Powell, III, Real Estate Appraiser and licensed real estate salesman in North Carolina. Mr. Powell stated that the fair market value of the property as of 9 September 1988 was $153,000.00. Even giving plaintiff credit for the $5,000.00 spent on renovations and repairs, and the $71,033.41 loan payoff owing on the first deed of trust, there is still a genuine issue of material fact as to whether the value of the property is sufficient to cover the amount of the deficiency plaintiff claims defendants owe. For the foregoing reasons, summary judgment was not appropriate and the order of the trial judge is reversed.

Reversed.

Judges GREENE and LEWIS concur.