United States Court of Appeals,

Fifth Circuit.

No. 92–1572

Summary Calendar.

Donald Wayne DOUGLAS and Douglas Drilling, Inc., Plaintiffs–Counter Defendants–Appellants,

v.

NCNB TEXAS NATIONAL BANK, Etc., Defendant–Appellee,

v.

FEDERAL DEPOSIT INSURANCE CORPORATION, Counter Plaintiff–Appellee.

Dec. 30, 1992.

Appeal from the United States District Court for the Northern District of Texas.

Before REAVLEY, DAVIS and DeMOSS, Circuit Judges.

REAVLEY, Circuit Judge:

This appeal involves two promissory notes, one made by Douglas Drilling, Inc. (DDI) and the other made by Donald W. Douglas. Federal Deposit Insurance Corporation, in its corporate capacity (FDIC/corp.), is the present holder of the notes, and it seeks (1) to recover amounts due on the notes and (2) an order requiring DDI to turn over collateral. DDI and Douglas contend that FDIC/corp. cannot collect on the notes because First RepublicBank Abilene, N.A. (FRBA), a prior holder of the notes, lost its right to collect on the notes by failing to counterclaim to collect on the overdue notes in prior litigation. DDI and Douglas contend that the compulsory counterclaim rule bars any action by FDIC/corp. to collect on the notes. The district court granted summary judgment in favor of FDIC/corp. on grounds that the counterclaim rule did not bar FDIC/corp. from collecting on the note and foreclosing on the collateral. We affirm.

## I. BACKGROUND

On October 2, 1987, DDI and Douglas each executed a promissory note in favor of FRBA. The DDI note was secured by a security interest in personal property, and the Douglas note indicated

that it was secured by a deed of trust in a mineral lease[1] and 1,000 shares of DDI stock. On January 2, 1988, both Douglas and DDI defaulted on their loans.

On April 11, 1988, after both notes had matured and were in default, DDI and Douglas filed a class action in Texas state court against FRBA (Class Action). The Class Action alleged that FRBA had committed "prime rate fraud" by charging interest on the basis of its "published" prime rate rather than its alleged "actual" prime rate. The Class Action was removed to federal court to be consolidated with similar class actions against FRBA. FRBA then filed its answer but filed no counterclaims on the overdue notes. In July 1988, FRBA was declared insolvent, the FDIC was appointed receiver, and NCNB acquired FRBA's assets, including the two notes. The Class Action continued against FDIC/receiver. (NCNB was never made a party to the Class Action.) On March 12, 1990, DDI and Douglas filed a motion to dismiss and the court dismissed the Class Action with prejudice. NCNB, on November 30, 1990, assigned the two notes to FDIC/corp., the current holder of the notes.

## II. DISCUSSION

DDI and Douglas contend that FDIC/corp.'s claims on the notes were compulsory claims that should have been raised by FRBA, FDIC/corp.'s predecessor-in-interest, in the Class Action. They assert that the compulsory counterclaim rule bars FDIC/corp.'s instant action on the notes. The narrow issue in this appeal is whether FRBA was required to raise its state-law collection claims in the Class Action.

As a general rule, once a state court action is removed to federal court, it is governed by federal, rather than state, procedure rules. Fed.R.Civ.P. 13(a) provides that a counterclaim is compulsory if it arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim. Under rule 13(a), FRBA's debt collection claims against DDI and Douglas might very well constitute compulsory counterclaims. *See Plant v. Blazer Fin. Services,* 598 F.2d 1357, 1363–65

---

[1]In his reply brief, Douglas asserts that his loan was never secured by a deed of trust. He contends that the deed of trust that is referred to in his note was released prior to the loan transaction with FRBA. Douglas, however, presented no evidence of this release in the district court.

(5th Cir.1979) (holding that a state debt counterclaim in a federal truth-in-lending action is compulsory under Fed.R.Civ.P. 13(a)). *But see id.* at 1362 n. 8 (noting that the ramifications of its decision on class action cases was not before the court). However, this court must not apply a federal rule of civil procedure if application of the rule violates either the Constitution or the Rules Enabling Act. *See Hanna v. Plumer,* 380 U.S. 460, 470–73, 85 S.Ct. 1136, 1143–45, 14 L.Ed.2d 8 (1965); *Weems v. McCloud,* 619 F.2d 1081, 1097–98 n. 38 (5th Cir.1980). The Rules Enabling Act provides that the federal rules "shall not abridge, enlarge or modify any substantive right." 28 U.S.C. § 2072.[2]

Under Texas law, when a borrower files an action challenging the validity of a secured debt, the state's compulsory counterclaim rule, Tex.R.Civ.P. 97(a), does not require the secured party to counterclaim to collect on the debt if the creditor has a contractual right to pursue a nonjudicial foreclosure. *Kaspar v. Keller,* 466 S.W.2d 326, 329 (Tex.Civ.App.—Waco 1971, writ ref'd n.r.e.); *see also Thurman v. Federal Deposit Ins. Corp.,* 889 F.2d 1441, 1444–45 (5th Cir.1989) (applying the *Kaspar* rule); *In re Phillips,* 124 B.R. 712, 717–18 & n. 11 (Bankr.W.D.Tex.1991) (same). The *Kaspar* court reasoned that lenders ordinarily have various judicial and nonjudicial remedies available on an overdue note and that a borrower should not be able to force its lender to elect judicial foreclosure by merely filing an action challenging the validity of a note. *See Kaspar,* 466 S.W.2d at 328–29; *Thurman,* 889 F.2d at 1445. The *Kaspar* court noted:

> [T]he mortgagor should not be permitted to destroy or impair the mortgagee's contractual right to foreclosure under the power of sale by the simple expedient of instituting a suit, whether groundless or meritorious, thereby compelling the mortgagee to abandon the extra-judicial foreclosure which he had the right to elect, nullifying his election, and permitting the mortgagor to control the option as to remedies.

*Kaspar,* 466 S.W.2d at 329; *accord Stille v. Colborn,* 740 S.W.2d 42, 44 (Tex.App.—San Antonio 1987, writ denied). The purpose of this rule is to prevent a borrower from depriving its lender of a choice of remedies.

The federal counterclaim rule, Fed.R.Civ.P. 13(a), is inapplicable if it abridges, enlarges, or

---

[2]In *Burlington N. R.R. v. Woods,* 480 U.S. 1, 107 S.Ct. 967, 94 L.Ed.2d 1 (1987), the Court explained that federal rules that "*incidentally* affect litigants' substantive rights do not violate [the Enabling Act] if reasonably necessary to maintain the integrity of that system of rules." *Id.* at 5, 107 S.Ct. at 970 (emphasis added).

modifies the plaintiff's or defendant's substantive rights. Under Texas law, lenders have a substantive right to elect judicial or nonjudicial foreclosure in the event of a default, and debtors have no right to force the lender to pursue a judicial foreclosure remedy. Application of rule 13(a) in the instant case would abridge the lender's substantive rights and enlarge the debtor's substantive rights. Thus, we believe it is appropriate in this case to follow the state's practice of permitting a lender to refrain from filing a counterclaim on overdue notes and to wait to pursue either a judicial or nonjudicial foreclosure remedy.

DDI and Douglas contend that the *Kaspar* rule applies only to cases where the lender has a deed of trust, not to cases where the lender has a security agreement. We disagree. The security agreements in the instant case provide the lender with the right to pursue a nonjudicial foreclosure on the collateral. It is true that *Kaspar* and its progeny, such as *Thurman, Phillips,* and *Stille,* involve lenders who held deeds of trust rather than security agreements; yet, we know of no reason to treat a lender's right to a nonjudicial foreclosure in a security agreement differently than a lender's right to a nonjudicial foreclosure in a deed of trust.[3]

### III. CONCLUSION

We hold that FRBA was not required to assert counterclaims on the overdue notes in the Class Action and that FDIC/corp.'s instant action to collect on the notes is not barred.

AFFIRMED.

---

[3]In his reply brief, Douglas contends that his note is not secured by a security agreement or a deed of trust and therefore, the *Kaspar* rule was never triggered. The *Kaspar* rule is intended to prevent a borrower from depriving its lender of a *choice* of remedies (nonjudicial remedies v. judicial remedies). Douglas contends that FRBA never had a choice of a nonjudicial remedy with respect to the Douglas note. We will not address Douglas's argument because it is based on new facts not presented in the district court.