IN THE MATTER OF THE FORECLOSURE OF A DEED OF TRUST FROM DOUGLAS K. DRAFFEN AND JOSEPH B. WILLIAMS TO BB&T COLLATERAL SERVICE CORPORATION, TRUSTEE, DATED OCTOBER 19, 2005 RECORDED IN BOOK 1142, PAGE 164, CARTERET COUNTY REGISTRY

No. COA11-1403

(Filed 7 August 2012)

**Mortgages and deeds of trust— foreclosure proceedings— motion to lift stay granted—compulsory counterclaim in federal action not required**

The trial court did not err by granting petitioner BB&T's N.C.G.S. § 1A-1, Rule 60 motion to lift the stay of foreclosure proceedings against respondent to allow the foreclosure to proceed and by dismissing respondent's appeal to superior court. Since petitioner was not required to pursue the foreclosure action as a compulsory counterclaim in the federal action, N.C.G.S. § 1A-1, Rule 13(a) did not control and the foreclosure could not be stayed on that basis.

Appeal by respondent from order entered 21 June 2011 by Judge Benjamin G. Alford in Carteret County Superior Court. Heard in the Court of Appeals 2 April 2012.

*Poyner Spruill LLP, by Jenny M. McKellar, for petitioner-appellee.*

IN RE DRAFFEN

[222 N.C. App. 39 (2012)]

*Harvell and Collins, P.A., by Russell C. Alexander, for respondent-appellant.*

CALABRIA, Judge.

Douglas K. Draffen ("respondent") appeals the trial court's order granting Branch Banking and Trust Company's ("petitioner") Rule 60 Motion to Lift the Stay of Foreclosure Proceedings against respondent to allow the foreclosure to proceed and dismissed respondent's appeal to Superior Court. We affirm.

## I.  Background

On 19 October 2005, respondent and Joseph B. Williams purchased an undeveloped lot in Cannonsgate in Carteret County, North Carolina. To finance the purchase, respondent executed a promissory note secured by a deed of trust in favor of petitioner in the amount of $215,892.00. Respondent made monthly interest payments of $1,128.96 to petitioner from the time of his purchase until 13 October 2009.

On 12 February 2010, respondent and numerous other plaintiffs initiated a civil action seeking damages against a variety of lenders, developers, marketing firms, appraisers, and others in the United States District Court for the Eastern District of North Carolina ("the federal action"). Petitioner was one of the lenders named as a defendant. The federal action alleged that the defendants engaged in a fraudulent scheme to induce the plaintiffs to buy real property at a severely inflated value.

As a result of respondent's default, petitioner, as beneficiary, initiated a foreclosure proceeding against respondent pursuant to the power of sale included in the deed of trust on respondent's property. Petitioner alleged that respondent was in default in that he had failed to make any payments after 13 October 2009.

The initial foreclosure proceeding was conducted by the Carteret County Clerk of Superior Court ("the Clerk") on 3 June 2010. The Clerk found the existence of a valid debt, that respondent was in default of that debt, that the Trustee possessed the right to foreclose, and that all required parties received notice under N.C. Gen. Stat. § 45-21.16. The Clerk authorized the Trustee to proceed to foreclosure pursuant to the power of sale in the deed of trust and to proceed to give notice of and conduct a foreclosure sale.

Respondent appealed the Clerk's order to Carteret County

Superior Court. At the *de novo* hearing[1] resulting from respondent's appeal, respondent's counsel moved to have the foreclosure action stayed pending the outcome of the federal action or dismissed and filed as a compulsory counterclaim in the federal action. Respondent's counsel also informed the court that respondent and petitioner had entered into settlement negotiations and they were close to reaching a settlement. On 8 February 2011, the superior court entered an order staying the foreclosure. In its order, the court found that "Counsel for Draffen also reported to the Court that Draffen and BB&T were in the process of settling all matters arising out of the federal litigation, and that it was his understanding that a final settlement was forthcoming."

Approximately four months later, on 6 June 2011, petitioner filed a motion to lift the stay on the basis that no settlement was actually forthcoming between respondent and petitioner. On 21 June 2011, the superior court entered an order lifting the stay, upholding the Clerk's findings, dismissing respondent's appeal of the foreclosure order and allowing the Substitute Trustee or any subsequent trustee, to proceed with the foreclosure. Respondent appeals.

## II.  Compulsory Counterclaim

Respondent argues that the superior court erred by lifting the stay which had been previously entered on 8 February 2011. Specifically, respondent contends that petitioner's foreclosure action was a compulsory counterclaim in the federal action and that the foreclosure could not proceed until the federal action was completed. We disagree.

Respondent argues that the instant case is controlled by Rule 13(a) of the North Carolina Rules of Civil Procedure, which states, in relevant part, that

> [a] pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

N.C. Gen. Stat. § 1A-1, Rule 13(a) (2011). Respondent argues that, pursuant to this rule, petitioner was required to pursue its foreclosure as

---

1. Joseph B. Williams did not file a notice of appeal from the Clerk's order and did not appear at the *de novo* hearing. He is not a party to this appeal.

**IN RE DRAFFEN**

[222 N.C. App. 39 (2012)]

a counterclaim in the federal action. Since petitioner did not do so, respondent contends that N.C. Gen. Stat. § 1A-1, Rule 13(a) requires that the foreclosure action "must be either (1) dismissed with leave to file it in the former case or (2) stayed until the conclusion of the former case." *Brooks v. Rogers*, 82 N.C. App. 502, 507, 346 S.E.2d 677, 681 (1986).

Respondent is mistaken. The North Carolina Rules of Civil Procedure do not apply to Federal Court proceedings. *See* N.C. Gen. Stat. § 1A-1, Rule 1 (2011)("These rules shall govern the procedure in the superior and district courts *of the State of North Carolina* in all actions and proceedings of a civil nature except when a differing procedure is prescribed by statute." (emphasis added)). Consequently, N.C. Gen. Stat. § 1A-1, Rule 13(a) could not compel petitioner to pursue its foreclosure in the federal action.

The rules which govern whether petitioner's foreclosure action was required to be filed as a compulsory counterclaim in the federal action are the *Federal* Rules of Civil Procedure. *See* Fed. R. Civ. P. 1 (2012)("These rules govern the procedure in all civil actions and proceedings in the United States district courts[.]"). Although Fed. R. Civ. P. 13(a), which governs compulsory counterclaims in federal cases, is substantially the same as N.C. Gen. Stat. § 1A-1, Rule 13(a), it is subject to an important limitation. Under 28 U.S.C. § 2072, the Federal Rules of Civil Procedure "shall not abridge, enlarge or modify any substantive right." 28 U.S.C. § 2072 (2011).

In *Douglas v. NCNB Tex. Nat'l Bank*, 979 F.2d 1128 (5th Cir. 1992), the United States Court of Appeals for the Fifth Circuit considered whether Fed. R. Civ. P. 13(a) required a lender pursuing a foreclosure action by power of sale, which had been filed in Texas state court, to file the state foreclosure claim as a compulsory counterclaim in a federal case. The Court reasoned that

> [u]nder Texas law, lenders have a substantive right to elect judicial or nonjudicial foreclosure in the event of a default, and debtors have no right to force the lender to pursue a judicial foreclosure remedy. Application of Rule 13(a) in the instant case would abridge the lender's substantive rights and enlarge the debtor's substantive rights.

*Id.* at 1130. Thus, the Court concluded, 28 U.S.C. § 2072 mandated that Fed. R. Civ. P. 13(a) could not apply to the lender's foreclosure action. *Id.*

**IN RE DRAFFEN**

[222 N.C. App. 39 (2012)]

In North Carolina, as in Texas, there are two methods of pursuing a foreclosure: foreclosure by judicial action and foreclosure by power of sale. *United Carolina Bank v. Tucker*, 99 N.C. App. 95, 97, 392 S.E.2d 410, 411 (1990).

> A foreclosure by power of sale is a special proceeding commenced without formal summons and complaint and with no right to a jury trial. General Statute 45-21.16 requires a hearing before the clerk of court to determine specified issues prior to authorizing the trustee to proceed with the sale. At the hearing the clerk is required to determine four facts: (i) a valid debt; (ii) a default; (iii) the trustee's right to foreclose under the deed of trust; and (iv) sufficient notice to the debtor. G.S. 45-21.16(d). Unless there is an upset bid as provided in G.S. 45-21.27, there is no legal requirement that the clerk either confirm the sale or direct the execution of a trustee's deed as a prerequisite to legal consummation of such sale by the trustee. Sales conducted pursuant to Article 2A of Chapter 45 are not pursuant to judicial action; the article does not affect any right to foreclosure by action in court, and is not applicable to any such action.

*Id.* at 98, 392 S.E.2d at 411-12 (internal citations omitted).

In the instant case, petitioner initiated the foreclosure by the power of sale provision that was included in the section regarding the remedies of the beneficiary in the deed of trust secured by respondent's property. If petitioner were required to pursue respondent's foreclosure as a compulsory counterclaim in the federal action, its contractual right to avail itself of the expedited procedure provided for lenders in a foreclosure by power of sale would be lost.

Respondent contends that the reasoning of *Douglas* is inapplicable to the instant case because "[t]he Texas foreclosure statute provides for a pure contract right of foreclosure that is not subjected to any form of judicial review, and in which the Clerk merely holds the paperwork for a very short time." Respondent further contends that foreclosure by power of sale in North Carolina "is not a 'pure' contract right that can be abridged as the Texas non-judicial foreclosure" because "[f]oreclosure under power of sale in North Carolina . . . is still governed by a judicial process, overseen and approved by the Clerk of Court, who acts with the full authority of the Superior Court."

Respondent mischaracterizes the purpose of the notice and hearing requirements in N.C. Gen. Stat. § 45-21.16. As this Court has previously explained,

IN RE DRAFFEN

[222 N.C. App. 39 (2012)]

[h]istorically, foreclosure under a power of sale has been a private contractual remedy. The intent of the 1975 General Assembly in enacting the notice and hearing provisions of G.S. 45-21.16 *was not to alter the essentially contractual nature of the remedy,* but rather to satisfy the minimum due process requirements of notice to interested parties and hearing prior to foreclosure and sale which the district court in *Turner v. Blackburn,* 389 F. Supp. 1250 (W.D.N.C. 1975), held that our then existing statutory procedure lacked.

*In re Foreclosure of Burgess,* 47 N.C. App. 599, 603, 267 S.E.2d 915, 918 (1980)(emphasis added and internal citations omitted). Thus, the notice and hearing provisions in N.C. Gen. Stat. § 45-21.16 do not alter the contractual nature of a foreclosure by power of sale in North Carolina. Consequently, requiring petitioner to pursue its foreclosure as a counterclaim in the federal action "would abridge the lender's substantive rights and enlarge the debtor's substantive rights." *Douglas,* 979 F.2d at 1130. Therefore, we hold that, pursuant to 28 U.S.C. § 2072, Fed. R. Civ. Pro. 13(a) does not apply to petitioner's foreclosure by power of sale and thus, did not require petitioner to file the foreclosure action as a compulsory counterclaim in the federal action. Respondent's argument is overruled.

### III.  Conclusion

Since petitioner was not required to pursue the foreclosure action as a compulsory counterclaim in the federal action, N.C. Gen. Stat. § 1A-1, Rule 13(a) does not control and the foreclosure could not be stayed on that basis.[2] The superior court properly lifted the stay, dismissed respondent's appeal of the Clerk's order, and allowed the foreclosure to proceed. The trial court's order is affirmed.

Affirmed.

Judges STEELMAN and BEASLEY concur.

---

2. We offer no opinion on the applicability, if any, of N.C. Gen. Stat. § 1A-1, Rule 13(a), and the cases which apply it, to a State court action that should have been brought as a compulsory counterclaim in Federal court, as that issue is not before us.