IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
March 23, 2017 Session

## JOHN O. THREADGILL v. WELLS FARGO BANK, N.A.

**Appeal from the Chancery Court for Knox County
No. 189713-1     John F. Weaver, Chancellor**

_____

### No. E2016-02339-COA-R3-CV

_____

At an earlier time, in 2011, John O. Threadgill brought an action against Wells Fargo Bank, N.A.  In doing so, he was acting as the trustee for the owner of real property, upon which mortgagee Wells Fargo intended to foreclose.  That case ended in summary judgment against the trustee.  When the decision became final following an appeal to this Court and an unsuccessful request for Supreme Court review, Threadgill almost immediately filed this action.  For the purpose of the second suit, he admits that the current complaint asserts the same claims and involves the same parties as in the earlier suit.  In the second suit, Wells Fargo again moved for summary judgment, this time upon the ground of res judicata.  Threadgill acknowledges that res judicata applies to bar his claim.  He argues, however, that he is entitled to a judgment declaring that Wells Fargo is estopped from asserting any claim that is based upon the note and deed of trust, because Wells Fargo failed to assert such a claim in the first lawsuit.  Threadgill argues that a claim based on the note and deed of trust is a compulsory counterclaim under Tenn. R. Civ. P. 13.01.  The trial court disagreed, ruling that Wells Fargo's "nonjudicial foreclosure is, by definition, nonjudicial and was not required to be raised in the [earlier case] as a counterclaim."  Threadgill appeals.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and JOHN W. MCCLARTY, J., joined.

John O. Threadgill, Knoxville, Tennessee, appellant, *pro se*.

Summer H. McMillan, Knoxville, Tennessee, for appellee, Wells Fargo Bank, N.A.

# OPINION

## I.

On February 4, 2011, Threadgill filed a complaint against Wells Fargo in the Knox County Circuit Court, alleging that he was the borrower in a loan and mortgage transaction, with his primary residence as collateral securing the loan. He filed the action in his capacity as trustee of the ELM Children's Educational Trust, the owner of the property. He claimed that Wells Fargo "ha[d] scheduled a foreclosure sale for February 9, 2011," and further alleged that Wells Fargo was in breach of contract; had made misrepresentations; and violated the Tennessee Consumer Protection Act, Home Loan Protection Act, and the federal Truth in Lending Act. The circuit court granted Wells Fargo summary judgment, finding, among other things that it "complied with all applicable provisions of the Deed of Trust and statutory requirements with respect to the foreclosure proceedings, and therefore committed no 'deceptive or unfair' act." The circuit court dismissed all of Threadgill's claims with prejudice.

Threadgill appealed this decision of the circuit court. ***ELM Children's Educ. Trust v. Wells Fargo Bank, N.A.***, 468 S.W.3d 529 (Tenn. Ct. App. 2014). On that appeal, this Court determined that it lacked jurisdiction, holding that "a non-attorney trustee may not represent a purportedly *pro se* trust" and therefore, "the Notice of Appeal signed by the non-attorney trustee was insufficient to initiate an appeal on behalf of the Trust." ***Id.*** at 530. The Supreme Court denied permission to appeal by order entered May 14, 2015.

Two weeks later, Threadgill filed this *pro se* action in the trial court, acting in his individual capacity, and asserting essentially the same claims against Wells Fargo. His amended complaint asserts as follows in pertinent part:

> Alternatively, if . . . the Court finds . . . the issues raised in this lawsuit "have already been litigated by these parties to final judgment" and res judicata applies which "bars a second suit between the same parties or their privies on the same claim with respect to the same issues which were or **could have been**, litigated in the former suit" then this Court must find by Declaratory Judgment that any note or debt which [Wells Fargo] or any of its privies has sought or is seeking to enforce by foreclosure, or otherwise, is null, void and unenforceable pursuant to the absolute requirements of the Tennessee Rules of Civil Procedure for [Wells Fargo] to have

2

> asserted such note or debt as a Mandatory Counter-Claim in the former suit.

(Bold font in original.)

Threadgill moved for partial summary judgment, "on the issue of [Wells Fargo's] failure to assert any claim [it] or [its] privies had by reason of note, trust deed or otherwise in the previous case as Compulsory Counterclaims." He stated that "[f]or the purpose of this motion only, the parties agree that the Plaintiff in this case is the same as the Trustee in the case of Elm Children's Educational Trust, John Threadgill, Trustee v. Wells Fargo N.A., Docket No. 2-52-11 in the Knox County Circuit Court, that the issues are substantially the same and the case has been concluded to judgment." Wells Fargo responded with its own motion for summary judgment, arguing that res judicata barred a second attempt to litigate the same claims. Following a hearing, the trial court ruled as follows:

> the plaintiff in the Circuit Court suit and the plaintiff in this suit are privies; everything raised in this suit was litigated . . . or could have been litigated in the Circuit Court action and relates to the same subject matter and grows out of the same transaction as in the Circuit Court cause; and, [Wells Fargo's] nonjudicial foreclosure is, by definition, nonjudicial and was not required to be raised in the Circuit Court case as a counterclaim. This Court finds and concludes that there is no genuine issue of material fact and that the defendant is entitled to a summary judgment of dismissal as a matter of law based upon the defense of res judicata.

Threadgill timely filed a notice of appeal.

## II.

For the purpose of this action, Threadgill agrees that the trial court in the current case correctly determined that Threadgill's lawsuit was barred by the doctrine of res judicata. The issue on appeal is whether the trial court erred in denying Threadgill's request for a declaratory judgment providing that Wells Fargo is barred from acting to enforce its rights under the deed of trust and note evidencing Threadgill's debt, because it did not raise such a claim in the first lawsuit. In his brief, Threadgill phrases the issue as "whether . . . a note is a claim subject to Rule 13.01 of the Tennessee Rule[s] of Civil Procedure regarding compulsory counterclaims." This issue is one of law, which we

3

review de novo, with no presumption of correctness. ***Taylor v. Fezell***, 158 S.W.3d 352, 357 (Tenn. 2005); ***Langschmidt v. Langschmidt***, 81 S.W.3d 741, 744-45 (Tenn. 2002).

**III.**

Tennessee Rule of Civil Procedure 13.01 provides:

> A pleading shall state as a counterclaim any claim, other than a tort claim, which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction, except that a claim need not be stated as a counterclaim if at the time the action was commenced the claim was the subject of another pending action. This rule shall not be construed as requiring a counterclaim to be filed in any court whose jurisdiction is limited either as to subject matter or as to monetary amount so as to be unable to entertain such counterclaim.

In ***Crain v. CRST Van Expedited, Inc.***, we observed that "if a party fails to file a counterclaim, other than those excluded by the Rule itself, in response to a pleading in accordance with Rule 13.01 and the controversy results in a final judgment, then that party would be precluded from filing suit on that claim." 360 S.W.3d 374, 379 (Tenn. Ct. App. 2011).

It is apparent that the purpose of this second lawsuit is to persuade the trial court to declare that the note and deed of trust are invalid under the rule pertaining to compulsory counterclaims. As previously noted by us, Threadgill admitted, for the purpose of this litigation, that his action was barred by res judicata. Wells Fargo argues that a claim to enforce its rights as creditor under the note and deed of trust is not a compulsory counterclaim, because Tennessee law permits it to pursue its rights in a non-judicial foreclosure proceeding sometimes referred to in other jurisdictions as a "power of sale" foreclosure.

We have observed that "[t]he legislature has determined that the public policy of the state is to allow foreclosure through non-judicial sale." ***CitiMortgage, Inc. v. Drake***, 410 S.W.3d 797, 808 (Tenn. Ct. App. 2013). In fact, "[t]he almost exclusive means of foreclosure in the State of Tennessee has been nonjudicial, as outlined in Tennessee Code Annotated §§ 35–5–101 *et seq.*" (2015), ***Dickerson v. Regions Bank***, No. M2012-01415-

4

COA-R3-CV, 2014 WL 1118076, at *8 (Tenn. Ct. App., filed Mar. 19, 2014). Thus, so long as a mortgagee lender complies with the applicable statutes and the terms of the deed of trust, *see **Napier v. Stone***, 114 S.W.2d 57, 61 (Tenn. Ct. App. 1937), it does not have to resort to a judicial forum to foreclose on a secured property. For this reason, the trial court held that Wells Fargo was not required to assert its rights under the deed of trust and note as a compulsory counterclaim.

A Tennessee appellate court has not addressed the precise issue before us, but a number of courts in other jurisdictions have, and have concluded that similar rules of procedure regarding compulsory counterclaims do not bar subsequent non-judicial or power of sale foreclosure proceedings. *See **Maddox v. Ky. Fin. Co.***, 736 F.2d 380, 382-83 (6th Cir. 1984); ***Nunnery v. Ocwen Loan Serv., LLC***, 641 F.Appx. 430, 433-34 (5th Cir. 2016), citing ***Douglas v. NCNB Tex. Nat'l Bank***, 979 F.2d 1128, 1130 (5th Cir. 1992) (stating that "a borrower should not be able to force its lender to elect judicial foreclosure by merely filing an action challenging the validity of a note"); ***Deschamps v. Treasure State Trailer Court, Ltd.***, 254 P.3d 566, 569 (Mont. 2011); ***Belote v. McLaughlin***, 673 S.W.2d 27, 30-31 (Mo. en banc 1984); ***In re Draffen***, 731 S.E.2d 435, 437 (N.C. Ct. App. 2012); ***Kaspar v. Keller***, 466 S.W.2d 326, 329 (Tex. Civ. App. 1971) (stating "the mortgagor should not be permitted to destroy or impair the mortgagee's contractual right to foreclosure under the power of sale by the simple expedient of instituting a suit"). Furthermore, the Sixth Circuit, presented with the same issue, has quite recently observed that:

> U.S. Bank did not forfeit its right to foreclose by failing to bring a counterclaim because foreclosure is not a judicial remedy in Tennessee[1] and thus there was no reason to raise such a counterclaim. In Tennessee, a trustee may conduct a foreclosure sale without making any filing in court. Tenn. Code Ann. § 47-9-609(b)(2); *see, e.g., id*. § 35-5-101. Because U.S. Bank did not need to ask the courts to foreclose on the Robertsons' property, the counterclaim argument goes nowhere.

***Robertson v. U.S. Bank, N.A.***, 831 F.3d 757, 765 (6th Cir. 2016) (footnote added). Although this statement by the ***Robertson*** court is dicta, it is persuasive, as are the other authorities cited above. As some of them have noted, to hold otherwise would be to allow a defaulting borrower to force a lender into court, and severely curtail if not

---

[1] To clarify this statement by the Sixth Circuit, judicial foreclosure certainly *can be* a remedy available to a lender, although not *required* by Tennessee law. ***Dickerson***, 2014 WL 1118076, at *8 ("Nevertheless, judicial foreclosures in Tennessee, although rarely invoked due to the ease of private sale under Tennessee deeds of trust, are authorized.").

eliminate its ability to pursue non-judicial foreclosure as otherwise permitted by Tennessee law. Accordingly, and in keeping with our holding in the *Napier* case, we hold, as did our sister jurisdictions, that a non-judicial foreclosure is not a compulsory counterclaim under the language of Tenn. R. Civ. P. 13.01.

## IV.

The judgment of the trial court is affirmed. Costs on appeal are assessed to the appellant, John O. Threadgill. The case is remanded to the trial court for collection of costs assessed below.


_____
CHARLES D. SUSANO, JR., JUDGE